**ROBERT J. O'CONNOR, Esq.**
**DAVID G. BANES, Esq.**
**GEORGE L. HASSELBACK, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

**Attorneys for Ae Ja Elliot Park**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| AE JA ELLIOT PARK, | ) CIVIL ACTION NO. 07-0021 |
| Plaintiff, | ) |
| vs. | ) |
| | ) FIRST AMENDED COMPLAINT |
| JARROD MANGLONA, MICHAEL LANGDON, ANTHONY MACARANAS, DEPARTMENT OF PUBLIC SAFETY and JUAN DOES 1-4, NORBERT DUENAS BABAUTA, | ) ) ) ) ) |
| Defendants. | ) |

Plaintiff, by and through counsel, hereby files her Complaint and in support thereof alleges as follows:

**I.**
**PARTIES**

1.      Plaintiff Ae Ja Elliot-Park ("Mrs. Elliot-Park"), is now, and at all times mentioned herein was a citizen of Korea and a resident of Saipan, Commonwealth of the Northern Mariana Islands ("CNMI") and is racially and ethnically from Korea and is not of CNMI and/or Micronesian descent.

1

2. Defendant Norbert Duenas Babauta ("Defendant Babauta") on information and belief, was at all times relevant to this matter, a citizen of and a resident of Saipan, CNMI and is of NMI or Micronesian descent.

3. Defendant Jarrod Manglona ("Defendant Manglona") on information and belief, was at all times relevant to this matter, a citizen of and a resident of Saipan, CNMI and an employee of the Department of Public Safety acting within the scope and course of his employment and under the color of state law and is of NMI or Micronesian descent.

4. Defendant Michael Langdon ("Defendant Langdon") on information and belief, was at all times relevant to this matter, a citizen of and a resident of Saipan, CNMI and an employee of the Department of Public Safety acting within the scope and course of his employment and under the color of state law and is of NMI or Micronesian descent.

5. Defendant Anthony Macaranas ("Defendant Macaranas") on information and belief, was at all times relevant to this matter, a citizen of and a resident of Saipan, CNMI and an employee of the Department of Public Safety acting within the scope and course of his employment and under the color of state law and is of NMI or Micronesian descent.

6. Juan Doe Defendants 1-4 on information and belief, were at all times relevant to this matter, citizens of and residents of Saipan, CNMI and employees of the Department of Public Safety acting within the scope and course of their employment and under the color of state law and are of NMI or Micronesian descent.

7. Defendant the Commonwealth Government is named and sued through its instrumentality Defendant Department of Public Safety ("DPS") which is now, and at all times mentioned herein, a governmental entity operating as a police department for the citizens of CNMI, with its principal place of business in Saipan.

8. At all relevant times all Defendants except Babauta were acting as agents and/or co-conspirators of one another and acting under color of CNMI law.

## II.
## JURISDICTION

9. This action arises under the Constitution of the United States, particularly the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States. This action is brought pursuant to 28 U.S.C. §1343 in that it arises under 42 U.S.C. §§1983 and 1985(3). The Court also has supplemental jurisdiction over the various state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court under 28 U.S.C. §1391(a). Defendants are residents of and/or are present in the CNMI. Additionally the facts giving rise to this lawsuit occurred within this District.

## III.
## FACTUAL ALLEGATIONS

11. On February 12, 2006, Mrs. Elliot-Park (with her baby in the back seat) was driving her white Hyundai Elantra ( the "Hyundai car") south along 16 Highway Papago.

12. She was meeting her husband for dinner at the Pacific Islands Club. As it was around 6:30 p.m., the sky was still light, and the streets were dry.

13. Defendant Babauta, a person of NMI descent, was driving a red Toyota Tacoma truck (the "pick-up truck") north on 16 Highway Papago. On information and belief, his wife was sitting in the passenger seat, while their four children ages 8,11,13 and 14 sat in the bed of the truck.

3

14. Babauta was drunk.

15. Babauta's intoxication had impaired his driving and he was swerving.

16. At around 6:30 pm, Babauta sped through a turn, crossing over into oncoming traffic and crashing head on into Mrs. Elliot-Park's car causing her grevious bodily injuries and property damage.

17. On information and belief, at or around 6:50 p.m., Defendant Manglona was driving on 16 Highway Papago when he saw that traffic was halted around a car accident.

18. He called into DPS Central Command Center to report a traffic accident and request an ambulance and back up.

19. Defendant Manglona approached both cars to check on the passengers.

20. On information and belief, in the bed of Babauta's truck, were empty beer cans.

21. Babauta, was teetering, slurring his words, reeked of alcohol and had bloodshot eyes.

22. Defendant Manglona began conducting initial interviews of the witnesses, drivers and passengers to ascertain the cause of the accident:

   a) Mrs. Elliot-Park stated that the truck had swerved into her lane, hitting her car head-on.

4

    b) Babauta stated that he had "blacked out" while driving which had caused him to swerve into oncoming traffic.

23. After viewing Babauta's drunkenness and having probable cause to believe Babauta was under the influence of alcohol, Defendant Manglona failed to conduct any field sobriety tests or do anything else to verify if Babauta was intoxicated or not.

24. Shortly thereafter, Defendants Macaranas, Langdon and the medics arrived. While the medics attended to the injured parties, Defendants Macaranas and Langdon spoke to both drivers and then directed traffic.

25. Again, although both Defendants Macaranas and Langdon were able to observe Babauta's bloodshot eyes, slurred words, and stagger, and having probable cause to believe Babauta was under the influence of alcohol, both failed to conduct any field sobriety tests.

26. Upon arriving at the hospital, Dr. Thomas Austin examined both drivers and passengers.

27. Mrs Elliot-Park was treated for a fractured right wrist and right leg, and lacerations on her right leg and right eyelid.

28. Upon observing and talking with Babauta, Dr. Austin concluded that Babauta was visibly intoxicated.

29. Dr. Austin walked a police officer over to Babauta and stated that the man was drunk. At this time, that officer's identity is not conclusively established and so is labeled "Juan Doe 1".

30. Dr. Austin also informed Defendant Manglona that Babauta was drunk.

31. However having probable cause to believe Babauta was under the influence of alcohol, neither the DPS officer that Dr. Austin had walked over to Babauta nor Defendant Manglona conducted field sobriety tests.

32. Around that time, Mark Williams arrived at the hospital after hearing of Mrs. Elliot-Park's accident.

33. Mr. Williams viewed Babauta passed out on a hospital bed.

34. Mr. Williams was told by both Mrs. Elliot-Park and her husband that the other driver was drunk.

35. When Mr. Williams told Defendant Manglona that Babauta was drunk, the Defendant informed him that Mrs. Elliot-Park had confused him with a "good Samaritan" at the scene of the accident.

36. Since none of the Defendants took action on the basis of medical opinions and eye witnesses, Babauta was released from the hospital.

37. Defendants chose not to perform any sobriety test or otherwise properly investigate Babauta's intoxication because of Babauta's national and/or ethnic origin and the national and/or ethnic origin of Mrs. Elliot Park.

6

38. At some point during the evening or early night of February 12, 2006, Defendants Manglona, Langdon and Macaranas, and perhaps others, formed a conspiracy to destroy evidence and obstruct justice and to prevent the prosecution of Babauta.

39. Defendant Macaranas observed Babauta leaving the hospital to join family members who were waiting for him in the parking lot, drinking beers in the bed of a truck.

40. At approximately 12:30 a.m., February 13, 2006, when Dr. Austin discovered that Babauta was allowed to leave the hospital without being charged with a DUI, he called the DPS to complain. He stated that he had informed all officers of the Babauta's intoxication and that none had responded to his diagnosis.

41. Ignoring Dr. Austin's medical assessment, Babauta was never charged with driving under the influence.

42. Later that evening, Defendant Macaranas was called to assist another car accident that night. The at fault driver in this accident was a person not of NMI descent.

43. In following police protocol, on information and belief, Defendant Macaranas performed a sobriety field test to ascertain the driver's level of intoxication and arrested that driver for Driving while intoxicated .

44. Upon information and belief it is alleged that after the accident Defendants Manglona, Langdon and Macaranas acted alone or in concert with others in failing to arrest Babauta, a visibly intoxicated driver.

45. The actions of Defendants Manglona, Langdon and Macaranas reflect Defendant DPS' practices, procedures, regulations and/or customs to selectively enforce the laws of the CNMI.

46. In pertinent part, Defendants selectively enforce those laws, and policies and procedures that relate to driving under the influence of alcohol and the investigation thereof, based upon race and/or national origin.

47. Thereafter, DPS appointed Juan Does 2 through 4 to investigate why Babauta had not been arrested or at least given a field sobriety or blood alcohol test.

48. As part of their "investigation", Does 2-4 interviewed Dr. Austin and during the "interview" tried to intimidate and harass Dr. Austin into recanting his statement or to otherwise not assist in the investigation and prosecution of Defendants.

49. Sometime later, Edward Buckingham was appointed to investigate this matter. On information and belief, Defendants and others conspired to destroy evidence and obstruct justice and to prevent the prosecution of Babauta and Defendants.

50. In doing the acts alleged above, each of the above-named Defendants acted as the agent for and on behalf of the other Defendants, at all times material, within the course and scope of their respective agencies and in furtherance of the above-described conspiracy.

51. In doing the acts described above, Defendants attempted to impede, obstruct or defeat the due course of justice in the CNMI with the intent to injure Plaintiff, to deny Plaintiff the right of equal protection of laws within the meaning of 42 U.S.C. §1985(2) and (3). Said actions were due to Plaintiff's race and ethnic origin being not of Northern Marianas Island and/or Micronesian descent.

8

52. Plaintiff has been injured by the foregoing acts of the Defendants, and has incurred pecuniary and other losses including emotional distress, and is entitled to damages.

53. The foregoing acts of Defendants were taken under color of the law of the CNMI.

54. The foregoing acts of the Defendants were willful and malicious, taken in bad faith and for oppressive reasons.

## IV.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Violation of Equal Protection Under 42 U.S.C. §1983)

55. Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 54 above.

56. This First Cause of Action is pled by Plaintiff against Defendants Macaranas, Langdon and Manglona and Juan Does 1-4 in their individual capacity.

57. These Defendants acted in reckless disregard as to the civil rights of Mrs. Elliot-Park.

58. These Defendant's actions caused the Plaintiff to be deprived of her equal protection under the law.

59. The conduct of the Defendants, as described herein, resulted in financial and emotional damage to Mrs. Elliot-Park, entitling her to damages pursuant to 42 U.S.C. § 1983, including punitive damages and attorneys' fees in an amount to be proven at trial.

9

### SECOND CAUSE OF ACTION
### (Violation of Due Process under 42 U.S.C. § 1983)

60.     Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 54 and 56 through 59 above.

61.     This Second Cause of Action is pled by Plaintiff against the Defendants Manglona, Langdon and Macaranas and Juan Does 1-4.

62.     Defendants actions were "deliberately indifferent" when they failed to take action on the blatantly intoxicated Babauta.

63.     The Defendants' "deliberately indifferent" conduct, as described herein, resulted in Mrs. Elliot being deprived of her right to a fair trial against Babauta, and to restitution and therefore deprived her of her right to due process under the Fourteenth Amendment of the United States Constitution, entitling her to damages pursuant to 42 U.S.C. § 1983, including punitive damages and attorneys' fees in an amount to be proven at trial..

### THIRD CAUSE OF ACTION
### (Violation Of Civil Rights Under The CNMI Constitution)

64.     Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 54, 56 through 59, and 61 through 63 above.

65.     This Third Cause of Action is pled by Plaintiff against all Defendants except Babauta.

66.     The actions of these Defendants deprived Mrs. Elliot-Park of right guaranteed by the Constitution of the Northern Mariana Islands, including, but not limited to her right

under Article I § 5 to due process of law and her right under Article I § 6 to equal protection of the law.

67.   The conduct of the Defendants, as described herein resulted in financial and emotional damage to Mrs. Elliot-Park, entitling her to damages, including punitive damages and attorneys' fees in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### (Conspiracy To Violate Civil Rights Under 42 U.S.C. § 1985)

68.   Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 54, 56 through 59, 61 through 63, and 65 through 67 above.

69.   This Fourth Cause of Action is pled by Plaintiff against Defendants Macaranas, Langdon and Manglona and Juan Does 1-4 in their individual capacity.

70.   In doing the acts described above, Defendants attempted to impede, obstruct or defeat the due course of justice in the CNMI with the intent to injure Plaintiff, to deny Plaintiff the right of equal protection of laws within the meaning of 42 U.S.C. §1985(2) and (3). Said actions were due to Plaintiff's race and ethnic origin being not of Northern Marianas Island and/or Micronesian descent.

71.   In so conspiring to selectively enforce the laws of the CNMI based upon race and/or national origin, the actions of these Defendants caused Mrs. Elliot-Park to suffer injury and damages pursuant to 42 U.S.C. § 1985, and she is therefore entitled to damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**(Conspiracy to Obstruct Justice Under 42 U.S.C. § 1985)**

72. Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 54, 56 through 59, 61 through 63, 65 through 67, and 69 through 71 above.

73. This Fifth Cause of Action is pled by Plaintiff against Defendants Macaranas, Langdon and Manglona and Juan Does 1-4 in their individual capacity

74. Defendants' actions and conspiracy violated 42 U.S.C. § 1985(3) and proximately caused Plaintiff to suffer a lack of a trial against Babauta, her right to restitution and emotional distress and caused Plaintiff to incur substantial attorney fees to secure her civil rights in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(Intentional Infliction Of Emotional Distress)**

75. Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 54, 56 through 59, 61 through 63, 65 through 67, 69 through 71, and 73 through 74 above.

76. This Sixth Cause of Action is pled by Plaintiff against all Defendants.

77. The acts of the Defendants as described above, were done willfully, maliciously outrageously, deliberately and purposefully with the intention to inflict emotional distress upon Mrs. Elliot-Park.

78. In the alternative, these acts were done in reckless disregard of the probability of causing Mrs. Elliot-Park emotional distress.

79. In either event, these acts did in fact result in severe and extreme emotional distress, and she is therefore entitled to damages including punitive damages in amounts to be proven at trial.

**SEVENTH CAUSE OF ACTION**
**(Negligent Infliction Of Emotional Distress)**

80. Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 54, 56 through 59, 61 through 63, 65 through 67, 69 through 71, 73 through 74, and 77 through 79 above.

81. This Seventh Cause of Action is pled by Plaintiff against all the Defendants.

82. The conduct of the Defendants caused Mrs. Elliot-Park severe anxiety that continues to this date, making her constantly apprehensive and fearful and has interfered with her ability to recover from her physical injuries as well as caused her loss of enjoyment of life.

83. Having resulted in such severe and extreme emotional distress, the actions of the Defendants have caused Mrs. Elliot-Park damages for which she is entitled to compensation in amounts to be proven at trial.

**EIGHTH CAUSE OF ACTION**
**(Negligence)**

84. Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 54, 56 through 59, 61 through 63, 65 through 67, 69 through 71, 73 through 74, and 77 through 79 and 81 through 83 above.

85. Defendants Manglona, Langdon and Macaranas and Doe Defendants 1-4 had a duty to follow basic police procedures in investigating traffic accidents and allegations of driving while intoxicated and not to be influenced by the ethnicity or national origin of any person involved and not to conspire to obstruct justice.

86. Defendants (except Defendant Babauta) breached this duty proximately causing Plaintiff to suffer injury and damages in an amount to be proven at trial.

## NINTH CAUSE OF ACTION
### (Violation of Civil Rights Under CNMI Constitution)

87. Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 54, 56 through 59, 61 through 63, 65 through 67, 69 through 71, 73 through 74, and 77 through 79, 81 through 83, and 85 through 86 above

88. This Ninth Cause of Action is pled by Plaintiff against all Defendants except Babauta.

89. The actions of Defendants Manglona, Langdon and Macaranas and Doe Defendants and DPS in failing to properly train and supervise the police and corrections officers of DPS deprived Plaintiff of rights guaranteed by the Constitution of the Northern Mariana Islands, including but not limited to her right under Article I, Section 5 to due process of law, equal protection under Article 1, Section 6 and her right of individual privacy under Article I, Section 10.

90. The actions of Defendants caused Plaintiff to suffer injury and damages, and she is therefore entitled to damages in an amount to be proven at trial including attorney's fees.

**TENTH CAUSE OF ACTION**
**(Negligence)**

91.    Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 54, 56 through 59, 61 through 63, 65 through 67, 69 through 71, 73 through 74, and 77 through 79 81 through 83, 85 through 86, and 88 through 90 above

92.    This Tenth Cause of Action is pled by Plaintiff against Defendant DPS.

93.    DPS had a duty to train, supervise and instruct its officers not to selectively enforce DPS' procedures, policies, or CNMI laws or to form conspiracies to obstruct justice.

94.    DPS breached this duty.

95.    DPS' conduct was a substantial factor in bringing about injuries and damages to Plaintiff.

96.    At all relevant times, Plaintiff acted reasonably under the circumstances.

97.    DPS' breach of the duty of care was the cause in fact and the proximate cause of the injury and damage to her, entitling her to damages in an amount to be proven at trial.

**ELEVENTH CAUSE OF ACTION**
**(Negligence)**

98.    Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 54.

99. This Eleventh Cause of Action is pled by Plaintiff against Defendant Babauta only.

100. At all relevant times, Defendant Babauta negligently and carelessly operated the pick-up truck so this his vehicle collided with Plaintiff's Hyundai car (the "accident") proximately causing Mrs. Elliot Park's physical injuries requiring hospitalization and past and future medical care, damage to her vehicle, lost wages, pain and suffering, and loss of enjoyment of life and other injuries and damages.

101. At all relevant times, Mrs. Elliot Park exercised all due care and caution for her safety and the safety of others.

102. Defendant Babauta at all relevant times acted with reckless and/or deliberate disregard and reckless indifference to the safety of others proximately causing the accident and Mrs. Elliot Park's injuries and damages complained of herein in an amount to be proven at trial but including punitive damages

**V.
PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

  a. For general, consequential, statutory, special, and compensatory damages and costs.
  b. For punitive damages in an amount to be proven at trial.
  c. For prejudgment interest as allowed by law.
  d. For attorney fees and costs of suit.
  e. For such other and further relief as the Court may deem appropriate.

Date: July 16, 2007.

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff Ae Ja Elliot-Park


By: /s/_____
George L. Hasselback, Esq.

3268-01-070717-PL-FirstAmendedComplaint