F I L E D
Clerk
District Court

SEP 10 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Braddock J. Huesman
T#00047
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950-8907
Telephone:    (670) 664-2341
Fax:              (670) 664-2349

Attorney for Defendants Department of Public Safety,
Jarrod Manglona, Michael Langdon, and Anthony
Macaranas.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AE JA ELLIOT PARK,<br><br>Plaintiff,<br><br>vs.<br><br>JARROD MANGLONA, MICHAEL LANGDON, ANTHONY MACARANAS, DEPARTMENT OF PUBLIC SAFETY and JUAN DOES 1-4, NORBERT DUENAS BABUTA,<br><br>Defendants. | CIVIL ACTION NO. 07-0021<br><br>**DEFENDANTS' MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES [FED. R. CIV. P. 12(b)(1) & (6)]**<br><br>Date:      Oct. 11, 2007<br>Time:     9: 00 a.m.<br>Judge:    Hon. Alex R. Munson |

LA/576564v1

-i-

# TABLE OF CONTENTS

MOTION ............................................................................................. 1

FACTS ............................................................................................... 1

STANDARD OF REVIEW ................................................................. 2

OVERVIEW .........................................................................................3

ARGUMENT ....................................................................................... 4

Equal Protection is Not a Substantive Right.  Ms. Park failed to allege
which of her rights were violated and, therefore, her First, Third, Fourth,
Fifth, and Seventh Causes of Action must be dismissed............................ 4

The Benefit a Third Party Receives From Having One Arrested Does Not
Trigger Substantive or Procedural Due Process.  Therefore, Ms. Park's
Second, Third, Fourth, Fifth, and Seventh Causes ofAction must be dismissed ..... 7

    Ms. Park has no due process right to have someone arrested ...................... 8

    Ms. Park Was Not Deprived of any Right Protected by the
    Constitution or Laws of the United States ....................................... 10

Ms. Park Has No Valid Equal Protection or Due Process Claims.  Therefore,
Ms. Park lacks standing to bring this suit and her First, Second, Third,
Fourth, Fifth and Seventh Causes of Action should be dismissed ........................... 11

Without an Underlying 1983 Violation, Plaintiff May Not Allege a 1985
Action on the Same Plead Facts.  Therefore, Ms. Park's Fourth and Fifth
Causes of Action should be dismissed ..................................................................... 14

The Facts Alleged Do Not Show a Violation of Constitutional Rights.
Therefore, the DPS Defendants are entitled to Qualified Immunity and
Ms. Park's First, Second, Third, Fourth, Fifth, and Seventh Causes of
Action Should Be Dismissed. ..................................................................................... 15

28 U.S.C. 1347(c) Allows Dismissal of Plaintiff's Remaining State Claims.
Therefore, Ms. Park's remaining state claims should be dismissed
without prejudice.......................................................................................................... 16

CONCLUSION .............................................................................. 17

# TABLE OF AUTHORITIES

*Allen v. Wright,*
   468 U.S. 737, 755 (1984)....................................................................... 12

*Associated General Contractors of Cal., Inc. v. Cal. State Council of Carpenters,*
   459 U.S. 519, 526 (1983)....................................................................... 3

*Azul-Pacifico, Inc. v. City of Los Angeles,*
   973 F.2d 704, 705 (9th Cir. 1992)........................................................... 4

*Board of Regents v. Roth,*
   408 U.S. 564, 577 (1972)..................................................................... 7, 10

*Botello v. Gammick,*
   413 F.3d 971, 977 (9th Cir. 2005).......................................................... 11

*Bowers v. DeVito,*
   686 F.2d 616, 618 (7th Cir.1982)........................................................... 9

*Bryan v. Adventist Health Sys./West,*
   289 F.3d 1162, 1169 (9th Cir. 2002)...................................................... 17

*Cahill v. Liberty Mut. Ins. Co.,*
   80 F.3d 336, 337-338 (9th Cir.1996)....................................................... 2

*Cassettari v. Nevada County, Cal.,*
   824 F.2d 735, 739 (9th Cir.1987).......................................................... 14

*Clegg v. Cult Awarness Network,*
   18 F.3d 752, 754 -55 (9th Cir. 1994) ....................................................... 2

*City of Cleburne v. Cleburne Living Cntr.,*
   473 U.S. 432, 439 (1985)..................................................................... 5, 13

*Colney v. Gibson,*
   355 U.S. 41, 45-46 (1957)..................................................................... 2

*Commonwealth v. Bergonia,*
   3 NMI 22 (1992) ................................................................................. 7

*Conley v. Gibson,*
   355 U.S. 41, 45-46 (1957)..................................................................... 2

*Daniels v. Williams,*
   474 U.S. 327, 330-31 (1986) .................................................5, 8, 10, 12, 13, 14

*DeShaney v. Winnebago County Dept. of Soc. Serv.'s*
   489 U.S. 189, 195-196, (1989)................................................................ 9

*Dyack v. Northern Mariana Islands,*
   317 F.3d 1030, 1037-38 (9th Cir. 2003). ................................................ 17

*Freeman v. City of Santa Ana,*
   68 F.3d 1180, 1187 (9th Cir.1995)........................................................... 6

*Galbraith v. County of Santa Calara,*
307 F.3d 1119, 1126 (9th Cir. 2002)................................................................ 15

*The Gap, Inc.,* No. CV-01-0031, 2001 WL 1842389 *1
(D.N.Mar. I. Nov. 26, 2001). ........................................................................ 3

*Harris v. McRae,*
448 U.S. 297, 322, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980)........................ 5, 7

*Harris v. Roderick,*
126 F.3d 1189, 1196 (9th Cir. 1997)............................................................13, 15

*Hunter v. Bryant,*
502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)........................16

*Ivey v. Bd of Regents of Univ. of Alaska,*
673 F.2d 266, 268 (9th Cir. 1982). ............................................................3, 15

*Kentucky Dept. of Corrections v. Thompson,*
490 U.S. 454, 462-463, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)...............9

*Linda R.S. v. Richard D.,*
410 U.S. 614, 619 (1973)............................................................................ 10

*Lee v. City of Los Angeles,*
250 F.3d 668, 687 (9th Cir.2001). ............................................................5, 13

*Leeke v. Timmerman,*
454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981). ....................................... 9

*Lockary v. Dayfetz,*
587 F.Supp. 631 (N.D. Cal. 1984). ............................................................ 15

*Lujan v. Defenders of Wildlife,*
504 U.S. 555, 560 (1992)............................................................................12, 13

*Mendocino Environmental Cntr. v. Mendocino County,*
14 F.3d 457 (9th Cir.1994). ........................................................................ 15

*Miller v. Continental Airlines,*
260 F.Supp.2d 931, 935 (N.D. Cal. 2003)...................................................... 3

*Mitchell v. Forsyth,*
472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) ....................... 15, 16

*Navarro v. Block,*
250 F.3d 729, 732 (9th Cir. 2001). ............................................................ 2

*Nieves-Ramos v. Gonzalez-De-Rodriguez,*
737 F.Supp. 727, 728 (D.P.R. 1990). ........................................................9, 10, 11

*O'Connor v. Nevada,*
507 F.Supp. 546, 549 (D.Nev. 1981). ........................................................ 11

LA/576564v1

*Olim v. Wakinekona,*
    461 U.S. 238, 250 (1983)............................................................... 7

*Olsen v. Idaho State Bd. of Medicine,*
    363 F.3d 916, 929 (9th Cir.2004)................................................ 15

*Roberts v. Corrothers,*
    812 F.2d 1173, 1177 (9th Cir.1987) .............................................. 2

*Robertson v. Dean Witter Reynolds, Inc.,*
    749 F.2d 530, 534 (9th Cir. 1984) ................................................. 3

*Rosenbaum v. City and County of San Francisco,*
    484 F.3d 1142, (9th Cir. 2007) ..................................................... 6

*S. v. D.,*
    410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973)................................. 9

*Sablan v. Board of Elections,*
    1 CR 741 (Dist. Ct. App. Div. 1983)............................................... 4

*Seed v. Hudson,*
    No. CIV. A. 93-00081994, WL 229096 at *6 (D.N. Mar. I. May 11, 1994)...................5, 8, 10, 12, 13, 14

*Siegert v. Gilley,*
    500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)........................... 16

*Squaw Valley Development Co. v. Goldberg,*
    375 F.3d 936, 943 (9th Cir. 2004)................................................. 6

*Taitano v. NMI Softball Ass'n.,*
    Civ. Action No. 93-356 (NMI Super. Ct. Feb 2, 1994)........................ 4

*Town of Castle Rock v. Gonzales,*
    545 U.S. 748 (2005)...........................................................8, 9, 13, 14

*United States v. Kidder,*
    896 F.2d 1328, 1336 (9th Cir. 1989).............................................. 5

*United States v. Hays,*
    515 U.S. 737, 743 (1995)......................................................... 12

*Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,*
    454 U.S. 464, 474-75 (1982) ..................................................... 12

*Ventura Mobile Home Communities Owners Ass'n v. City of San Buena Ventura,*
    371 F.3d 1046, 1055 (9th Cir.2004)............................................5, 13

*Walker v. Rowe,*
    791 F.2d 507, 511 (7th Cir.1986)................................................. 9

*Woodrum v. Woodward County,*
    866 F.2d 1121, 1126 (9th Cir. 1989)............................................. 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LA/576564v1

# CONSTITUTIONAL AUTHORITY

NMI Const. art I § 11 ....................................................................................... ..... 11

# RULES OF CIVIL PROCEDURE

Fed. R. Civ. Pro. 12(b)(6) ............................................................................. 1, 2, 3

**MOTION**

Defendants Jarrod Manglona ("Defendant Manglona"), Michael Langdon ("Defendant Langdon"), Anthony Macaranas ("Defendant Macaranas")(collectively, the "DPS Defendants"), and the Department of Public Safety ("DPS") move to dismiss Plaintiff Ae Ja Elliot-Park's ("Ms. Park") First Amended Complaint in the above entitled action on the grounds that Ms. Park has failed to state a claim upon which relief can be granted. Defendants submit this motion pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**FACTS**

On February 12, 2006, Ms. Park proceeded southbound along Highway 16, Papago for a dinner with her husband. At or around 6:30 p.m., defendant Norbert Duenas Babauta ("Babauta") was proceeding northbound on the same stretch of road. Babauta crossed lanes during a turn and crashed, head-on, into Ms. Park's car.

Defendant Manglona was the first DPS officer to arrive on the scene. He called in the traffic accident and requested an ambulance and back up. Defendant Manglona then proceeded to check on both cars involved in the accident and the passengers therein. Park alleges that Babauta's truck was empty except for beer cans and that Babauta was teetering, slurring his words, smelled strongly of alcohol, and had bloodshot eyes.

Defendant Manglona then began conducting interviews of witnesses, passengers and drivers to determine the cause of the accident. Ms. Park stated that Babauta's truck swerved into her lane and hit her head-on. It is alleged Babauta stated that he "blacked out" while driving which caused him to swerve into oncoming traffic. Defendant Magnlona did not administer a field sobriety test to Babauta. Because of injuries received during the accident, the persons involved in the accident were transported to the Commonwealth Health Center ("CHC").

At CHC Ms. Park and Babauta's son were examined by Dr. Thomas Austin. Ms. Park

1  suffered lacerations on her right leg and right eyelid as well as fractures to her right wrist and leg.

2  Upon observing Babauta, Dr. Austin concluded that Babauta was intoxicated and found an

3  unnamed DPS officer who he informed that he, Dr. Austin, believed that Babauta was intoxicated.

4       At or around this time, a gentleman named Mr. Mark Williams arrived at CHC in response

5  to hearing that Ms. Park was at the hospital. He allegedly viewed Mr. Babauta passed out on a

6  hospital bed. Mr. Williams approached Defendant Manglona and informed him that Babauta was

7  drunk. Defendant Manglona told both Mr. Williams and Ms. Park that they had confused

8  Babauta with a "good Samaritan." Babauta did not receive a field sobriety test at CHC, and left

9  the hospital. Babauta was never arrested or charged with Driving While Intoxicated.

10

11                        **STANDARD OF REVIEW**

12       In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court must

13  assume the truth of all factual allegations and must construe them in the light most favorable to

14  the non-moving party.[1] Legal conclusions, however, need not be taken as true "'merely because

15  they are cast in the form of factual allegations.'"[2]

16

17       Dismissal under Federal Rule12(b)(6) is appropriate when "it appears beyond doubt that

18  the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[3]

19  Dismissal is warranted where the complaint lacks a cognizable legal theory or where the

20  complaint presents a cognizable legal theory yet fails to plead essential facts under that theory.[4]

21  In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for

22  the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that

23

24  _____
    [1]  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir.1996).

25  [2]  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987) (quoting *Western Mining Council v. Watt*, 643
    F.2d 618, 624 (9th Cir. 1981)) (in parenthesis); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55
26  (9th Cir. 1994).

27  [3]  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).
    [4]  *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *Doe I v. The Gap, Inc.*,
28  No. CV-01-0031, 2001 WL 1842389 *1 (D.N.Mar. I. Nov. 26, 2001).

1  the defendants have violated the ... laws in ways that have not been alleged."[5]  "[A] liberal

2  interpretation of a civil rights complaint may not supply essential elements of the claim that were

3  not initially pled. Vague and conclusory allegations of official participation in civil rights

4  violations are not sufficient to withstand a motion to dismiss."[6]  While only requiring a short and

5  plain statement of the claim, FRCP 8(a)(2) is not such a liberal requirement that purely conclusory

6  statements can survive a motion to dismiss under Rule and 12(b)(6).[7]

7

8                                                **OVERVIEW**

9          Ms. Park was injured in a car accident by a driver she alleges was drunk.  Subsequent to

10  this accident, she alleges that the DPS and the DPS Defendants failed to "take action" on

11  Babauta.  Ms. Park has brought ten causes of action against the various DPS Defendants and the

12  DPS.  These include: violation of equal protection under § 1983; violation of due process under

13  §1983; violation of equal protection and due process under the NMI Constitution; conspiracy to

14  violate civil rights under § 1985; conspiracy to obstruct justice under §1985; intentional infliction

15  of emotional distress; negligent infliction of emotional distress; and negligence.  Although when

16  one takes the allegations as true they indicate a disturbing fact pattern, they fail to rise to the level

17  of constitutional violations and thus fail to state a claim.  Ms. Park's main allegation is that the

18  DPS Defendants failed to "take action" on an intoxicated Babauta.  Although Ms. Park does not

19  define what "take action" means anywhere in her brief, in the context of this fact pattern

20  concerning police officers, it can only mean arrest or take some other legal action against

21  Babauta.  Because the basis of Ms. Park's civil rights claims stem from the DPS Defendants'

22  failure to arrest Babauta, both her §1983 and §1985 causes of action must be dismissed.

23

24

25

26       [5]  *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S.
519, 526 (1983).

27       [6]  *Ivey v. Bd of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

28       [7]  *Miller v. Continental Airlines*, 260 F.Supp.2d 931, 935 (N.D. Cal. 2003).

1    Ms. Park has pled equal protection as a substantive right: it is not and her claims must be

2    dismissed.  Ms. Park's due process claims are barred by the U.S. Supreme Court and, therefore,

3    must be dismissed.   Moreover, the absence of a section 1983 deprivation of rights precludes a

4    section 1985 conspiracy claim predicated on the same allegations; therefore, her claims must be

5    dismissed.  Because Ms. Park's claims are not based on any constitutional deprivation, she lacks

6

7    standing to bring the instant suit.  Moreover, because none of her constitutional rights were

8    violated, the DPS Defendants are entitled to qualified immunity.

9        Finally, Ms. Park's remaining state claims are frivolous (she has alleged negligent infliction

10   of emotional distress without a touching), barred by the public duty doctrine or should be

11   dismissed for failure to state a claim.  As Ms. Park, however, has failed to state any federal cause

12

13   of action, her remaining state law claims, however, should be dismissed without prejudice under

14   28 U.S.C. § 1367(c).

15                                    **ARGUMENT**

16   **I.    Equal Protection is Not a Substantive Right.  Ms. Park failed to allege which of**
         **her rights were violated and, therefore, her First, Third, Fourth, Fifth, and**
17       **Seventh Causes of Action must be dismissed.**

18       A single thread runs throughout Ms. Park's entire complaint: the DPS Defendants and the

19   DPS had the opportunity and the ability to arrest, or "take action on," Babauta and did not do so.

20   This "failure to take action" allegedly damaged Ms. Park.[8]  Specifically, Ms. Park claims that

21   "Defendant's actions caused the Plaintiff to be deprived of her equal protection under the law."

22   Because of the reasons indicated below, Ms. Park has failed to state a claim for relief under the

23   N.M.I.[9] or U.S. Constitutions for violation of her right to equal protection under the law.

24       Federal law requires that "a litigant complaining of a violation of a constitutional

25

26   _____

    [8]   *See* First Amended Complaint, ¶¶ 23, 25, 31, 37, 38, 41, 44, 45, 47, 63, 71, and 74.

27   [9]   *See Sablan v. Board of Elections*, 1 CR 741 (Dist. Ct. App. Div. 1983); *Taitano v. NMI Softball Ass'n., Civ.
    Action No. 93-356* (NMI Super. Ct. Feb 2, 1994)(Order granting Defendants' Motion for Summary Judgment at

28   12).

1   right . . . utilize 42 U.S.C. § 1983."[10]  Section 1983 requires that plaintiff prove that: "(1) a

2   person acting under the color of state law committed the conduct at issue; and (2) the conduct

3   deprived the Plaintiff of some right protected by the Constitution or laws of the United States."[11]

4   In this case, Ms. Park cannot, and did not allege that she was deprived of any "right protected by

5   the Constitution or laws of the United States." [12]  Instead, she asserted that she was deprived

6   equal protection.  Equal protection under the Fifth Amendment, however, guarantees no

7   substantive rights or liberties "but rather a [procedural] right to be free from invidious

8   discrimination in statutory classifications and other governmental activity. It is well settled that

9   where a statutory classification does not itself impinge on a right or liberty protected by the

10  Constitution, the validity of classification must be sustained unless "the classification rests on

11  grounds wholly irrelevant to the achievement of [any legitimate governmental] objective."[13]  In

12  other words, Ms. Park has to allege which right she was denied equal protection of; not just that

13  she was denied "her equal protection."  This is, of course, problematic for Ms. Park.

14          There is a significant difference between this suit and that of a normal section 1983 equal

15  protection suit.  In the usual case, section 1983 requires a plaintiff to allege that similarly situated

16  persons who are not in the same protected class as the plaintiff and were treated differently.[14]

17  While Ms. Park has attempted to allege "selective enforcement" as part of her claim,[15] selective

18

19  enforcement cannot be the theory for her claim because Ms. Park was injured in an accident,

20  nothing more.  In order to prevail on a selective enforcement claim, a plaintiff must show that she

21  was selected "'on the basis of an impermissible ground such as race, religion or exercise of . . .

22      [10]  *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).

23      [11]  *Seed v. Hudson*, No. CIV. A. 93-00081994, WL 229096 at *6 (D.N. Mar. I. May 11, 1994) (citing *Leer v.
        Murphy*, 844 F.2d 628, 632-33 (9th Cir.1988)); *see also Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)

24      (holding that mere negligence cannot form the basis of a Fourteenth Amendment violation actionable under §
        1983).

25      [12]  *Supra*, Note 13.

26      [13]  *Harris v. McRae*, 448 U.S. 297, 322, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980).

        [14]  *See Ventura Mobile Home Communities Owners Ass'n v. City of San Buena Ventura*, 371 F.3d 1046, 1055
27      (9th Cir.2004); *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir.2001); *see also City of Cleburne v.
        Cleburne Living Cntr.*, 473 U.S. 432, 439 (1985)

28      [15]  *See* First Amended Complaint, ¶ 46.

constitutional rights.'"[16]  Here there can be no selective enforcement claim because *plaintiff was not selected*.

Inexplicably, Ms. Park has brought a lawsuit alleging violations of equal protection arising out of the failure of the DPS Defendants to arrest or "take action on" Defendant Babauta.  This is inexplicable because neither a violation of a state law nor a failure to enforce the laws is a violation of equal protection.  Rather, an equal protection challenge requires some evidence that similarly situated persons were treated differently.  "Discrimination cannot exist in a vacuum; it can be found only in the unequal treatment of people in similar circumstances".[17]  Again, there is no similar situation alleged in Ms. Park's complaint (for example that she was drunk and subject to police action and thus deprived of liberty while Babauta was let go).  Ms. Park does not allege that she was selected or treated differently.[18]  If there is a civil rights plaintiff to be found in Ms. Park's complaint, it is not Ms. Park but the individual described in paragraph 42-3 of her complaint, in which she alleges that an unnamed intoxicated driver not of NMI descent was arrested later that evening.  That driver, assuming the Plaintiff's facts to be true, was denied his liberty interest while Babauta was released and did not suffer the same treatment.

The Federal Reporter contains, in the Ninth Circuit alone, innumerable cases dealing with civil rights violations.  In all of these cases, however, the plaintiff usually alleged that he or she was subject to a deprivation of some right protected by federal law or the U.S. Constitution.[19]  The plaintiffs involved in these cases were deprived of their speech rights,[20] property rights,[21] or

---

[16]   *United States v. Kidder*, 896 F.2d 1328, 1336 (9th Cir. 1989) (quoting *United States v. Moody*, 778 F.2d 1380, 1386 (9th Cir. 1985) *amended on other ground*, 791 F.2d 707 (9th Cir. 1986).

[17]   *See, e.g., Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir.1995) (citing *Attorney General v. Irish People, Inc.*, 684 F.2d 928, 946 (D.C.Cir.1982)

[18]   First Amended Complaint, ¶ 43.

[19]   *See Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 943 (9th Cir. 2004).

[20]   *See Rosenbaum v. City and County of San Francisco*, 484 F.3d 1142, (9th Cir. 2007) (Christian group sued city officials under § 1983, alleging that application of noise ordinance and permitting scheme for use of amplified sound violated their speech rights).

1   some other clearly identified right (life, liberty or property). Because Ms. Park's equal protection

2   causes of action fail to allege which right of which she was denied equal protection of, and instead

3   treats equal protection, impermissibly, as a substantive right,[22] her first cause of action must be

4   dismissed. Moreover, as misplaced as her claim for equal protection is, her claim under due

5   process is barred by U.S. Supreme Court precedent.

6   **II.    The Benefit a Third Party Receives From Having One Arrested Does Not
        Trigger Substantive or Procedural Due Process. Therefore, Ms. Park's Second,
7        Third, Fourth, Fifth, and Seventh Causes of Action must be dismissed.**

8           In what can only be described as a transparent attempt to find deeper pockets then the

9   actual tortfeasor at blame for the accident, Ms. Park has brought a lawsuit against several DPS

10  employees that is counter to well established U.S. Supreme Court precedent. Even assuming that

11  every allegation contained in Plaintiff's First Amended Complaint is true, there can be no cause of

12  action against the DPS Defendants for violations of due process either under the U.S. or NMI

13
14  Constitutions.[23]

15          "Process is not an end in itself. Its constitutional purpose is to protect a substantive

16  interest to which the individual has a legitimate claim of entitlement."[24] Due process merely

17  requires that the state provide a fair procedure before depriving an individual of a protected

18  liberty or property interest. But, "to have a property interest in a benefit, a person clearly must

19  have more than an abstract need or desire for it. He must have more than a unilateral expectation

20  of it. He must, instead, have a legitimate claim of entitlement to it."[25] As with equal protection, a

21
22  due process claim under section 1983 requires that a plaintiff prove: "(1) a person acting under

23

24  ───────────────────────────────────────

25  [21]  *See Squaw Valley*, 375 F.3d at 936.
    [22]  *Harris v. McRae*, 448 U.S. 297, 322 (1980)(Equal protection under the Fifth Amendment guarantees no
26  substantive rights or liberties.).
    [23]  *See Commonwealth v. Bergonia*, 3 NMI 22 (1992) ("We will apply Article I, § 5 using the same analysis as
27  for the Fourteenth Amendment.").
    [24]  *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).
28  [25]  *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

the color of state law committed the conduct at issue; and (2) the conduct deprived the Plaintiff of some right protected by the Constitution or laws of the United States." [26]

At the very least, section 1983 demands that Ms. Park plead that the DPS Defendants deprived her of "some right protected by the Constitution or laws of the United States."[27] Ms. Park alleges that she was deprived of her right to a fair trial against Babauta, restitution, and due process. Although it is unclear from the pleadings, Ms. Park seems to allege both a procedural (by way of restitution and fair trial) and substantive violations of due process. Ms. Park was "deprived" of these rights by the DPS Defendants when they "failed to take action on a blatantly intoxicated Babauta."[28] The only "action" that Ms. Park might be referring to is arresting, or at the very least citing, Mr. Babauta. In other words, Ms. Park is claiming she had a constitutional right to have Babauta prosecuted, or more likely, *arrested and prosecuted.* Or, to put it her way, Ms. Park claims that she had a *constitutional right* to have the DPS Defendants "take action" on Babauta.

## A. Ms. Park Has No Due Process Right To Have an Individual Arrested.

At a base level, Ms. Park's due process claims boil down to one contention: the DPS Defendants failed to arrest or cite defendant Babauta, after the accident, for DUI, and that this failure damaged her. This is a bizarre claim as the Supreme Court of the United States has stated that due process, substantive or procedural, is not implicated when an individual complains that someone should have been arrested and, for whatever reason, was not.[29]

In *Town of Castle Rock,* the Supreme Court held that: "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections

---

[26]    *Seed*, 1994 WL 229096 at *6 (citing *Leer,* 844 F.2d at 632-33).

[27]    *Seed*, 1994 WL 229096 at *6 (citing *Leer,* 844 F.2d at 632-33).

[28]    First Amended Complaint, ¶ 63.

[29]    *See Town of Castle Rock v. Gonzales,* 545 U.S. 748 (2005).

1  under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."[30]

2  *Town of Castle Rock* forms the bedrock of cases that preclude actions just like Ms. Park's.[31] This

3  is so because a benefit is not a protected entitlement if government officials may grant or deny it

4  in their discretion.[32] Ms. Park has not, and indeed cannot, allege the "action" that the DPS

5  Defendants failed to take was anything but discretionary.

6

7        Moreover, having somebody arrested, cited, or prosecuted is not a right held by or

8  promised to Ms. Park. "[A] private citizen lacks a judicially cognizable interest in the prosecution

9  or nonprosecution of another."[33] The Constitution, for better or worse, can best be described as a

10  pact of negative liberties.[34] It is an agreement between the people and the state, telling the state to

11  let people alone. It does not require the federal government or the state to provide services, even

12  services as elementary as maintaining law and order.[35] In fact, since the Supreme Court of the

13  United States has stated that due process is not implicated when an individual complains that

14  someone should have been arrested,[36] it is difficult to see how Ms. Park can bring a due process

15  claim. On its face, Ms. Park's First Amended Complaint fails to state a claim for violation of her

16  due process rights under § 1983.

17

18        Although due process is not implicated by the failure to arrest an individual,[37] Ms. Park,

19  apparently, alleges that the DPS Defendants violated her procedural due process rights to "a fair

20

21

---

22    [30]  *See id*, at 768.
      [31]  *See, e.g., Nieves-Ramos v. Gonzalez-De-Rodriguez,* 737 F.Supp. 727, 728 (D.P.R. 1990).
23    [32]  See, *e.g., Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 462-463, 109 S.Ct. 1904, 104
24  L.Ed.2d 506 (1989).
      [33]  *S. v. D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973); *see also, Leeke v. Timmerman,*
25  454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981).
      [34]  *See DeShaney v. Winnebago County Dept. of Soc. Serv.'s* 489 U.S. 189, 195-196, (U.S. 1989).
26    [35]  *Bowers v. DeVito,* 686 F.2d 616, 618 (7th Cir.1982) (citations omitted); *see also Walker v. Rowe,* 791 F.2d
27  507, 511 (7th Cir.1986), *cert. denied,* 479 U.S. 994, 107 S.Ct. 597, 93 L.Ed.2d 597 (1986).
      [36]  *See Town of Castle Rock,* 545 U.S. at 748.
28    [37]  *See id.*

trial" and "restitution." Plainly put, Ms. Park believes the state should have afforded her some process before "denying" her a fair trial and restitution. But, "a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another."[38] Thus, Ms. Park's claim that the DPS Defendant denied her due process as far as her "right to trial" is wholly and completely without merit. Moreover, as Babauta is a named co-defendant in this suit, Ms. Park can only be claiming that she has a "constitutional right" to Babauta's prosecution because she is suing him in a civil suit. Again, the courts have laid down black letter law that private individuals have no constitutional right to have another prosecuted, and Ms. Park's claim that she is entitled to restitution is too speculative to be a right protected by the Constitution.[39]

**B.    Plaintiff Was Not Deprived of any Right Protected by the Constitution or Laws of the United States.**

Even if a claim for procedural due process was allowed, and it is not, Ms. Park still cannot meet the second prong of the test for any §1983 action. Ms. Park must allege "that the conduct [at issue] deprived the Plaintiff of some right protected by the Constitution or laws of the United States."[40] Remember: "to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."[41] Ms. Park has no such claim as it pertains to restitution.

*Nieves-Ramos* is a case that is very similar to the one at bar. In that case, the plaintiffs (a mother and child) claimed that they were deprived of a property right without due process of law. Specifically, plaintiffs argued that if the mother's husband, Bermudez-Arroyo, had been

---

[38] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).
[39] *Nieves-Ramos*, 737 F.Supp. at 728.
[40] *Seed*, 1994 WL 229096 at *6 (citing *Leer*, 844 F.2d at 632-33).
[41] *Roth*, 408 U.S. at 577.

LA/576564v1

1  prosecuted, that he would have been either jailed or fined[42] for failure to pay child support. The

2  court, however, found that the prospect that prosecution would have resulted in payment of

3  support could, "at best, be termed . . . speculative."[43]

4      Although it is not alleged anywhere in her complaint, the DPS Defendants assume that the

5  restitution Ms. Park was "denied" is her right to restitution under the laws of the Commonwealth

6  and its Constitution.[44] The problem with this argument, as illustrated by *Nieves-Ramos,* is that

7  any right claimed by Ms. Park is too speculative to be considered a right. This is so because Ms.

8  Park's argument assumes that there would have been a prosecution *and conviction* in the criminal

9  case. There is, however, no guarantee that the criminal division would have prosecuted this case,

10  and it is clear that Ms. Park would have no cause of action in that event,[45] so any "right" she had

11  in prosecution is contingent upon prosecution with an accompanying guilty verdict. Obviously,

12

13  she has no control over this situation, and thus any rights claimed in the culmination of

14  prosecution are too speculative. Thus, Ms. Park lacks any property interest in this suit and it

15  should be dismissed. Moreover, as discussed below, because of the way Ms. Park has pled her

16  case and due to the fact that she has no protected interest at stake, Ms. Park lacks standing to

17

18  bring this suit.

19

20  **III.  Ms. Park Has No Valid Equal Protection or Due Process Claims.  Therefore, Ms. Park lacks standing to bring this suit and her First, Second, Third, Fourth, Fifth and Seventh Causes of Action should be dismissed.**

21

22      Ms. Park's suit should be dismissed because she has not suffered "an invasion of a

23

---

24  [42]  Article 158 of the Penal Code of Puerto Rico, 33 L.P.R.A. § 4241, creates a completed offense with a fixed penalty as soon as a parent fails to support his child. *See Nieves-Ramos,* 737 F.Supp. at 728.

25  [43]  *See Nieves-Ramos,* 737 F.Supp. at 728.

26  [44]  *See* NMI CONST. ART I § 11; *see also* 4 CMC § 4109.

[45]  *See e.g., Botello v. Gammick,* 413 F.3d 971, 977 (9th Cir. 2005) (holding prosecutor's decision not to

27  prosecute plaintiff's cases "intimately tied to judicial process" and thus entitled to absolute immunity); see *also O'Connor v. Nevada,* 507 F.Supp. 546, 549 (D.Nev. 1981) (holding that it would violate the doctrine of separation

28  of powers for a federal court to order a prosecutor to conduct an investigation).

concrete and particularized legally protected interest."[46]    All Ms. Park can allege in her suit is a

generalized grievance: the DPS Defendants failed to arrest, or take action on, Babauta.  This is so

because, as demonstrated above, Ms. Park has no individual interest in the prosecution of another.

She has only a general interest, just as much as any member of the general public, in seeing

Babauta arrested.  The Supreme Court has repeatedly refused to recognize a generalized

grievance against allegedly illegal government conduct as sufficient to confer standing.[47]  The

Supreme Court requires that even if a government actor discriminates on the basis of race, the

resulting injury "accords a basis for standing only to those persons who are personally denied

equal treatment."[48]  Ms. Park has not alleged that she was treated differently than Babauta (she

was not drunk and thus not similarly situated to Babauta); only that another unnamed individual

(ostensibly drunk and the cause of an accident) was similarly situated to Babauta and that

individual was arrested (and denied equal treatment).  Moreover, the Supreme Court recommends

that even when a plaintiff has alleged redressable injury sufficient to satisfy the standing

requirements of Article III, courts should refrain from "adjudicating abstract questions of wide

public significance which amount to generalized grievances."[49]  The rule against generalized

grievances applies in equal protection challenges.[50]

     Again, to bring a suit under section 1983, Ms. Park must allege that "(1) a person acting

under the color of state law committed the conduct at issue; and (2) the conduct deprived the

Plaintiff of some right protected by the Constitution or laws of the United States."[51]  As

---

[46]  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

[47]  *United States v. Hays*, 515 U.S. 737, 743 (1995).

[48]  *Allen v. Wright*, 468 U.S. 737, 755 (1984) (internal quotation marks omitted).

[49]  *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474-75 (1982) (internal quotation marks omitted).

[50]  *Hays*, 515 U.S. at 743-44.

[51]  *Seed*, 1994 WL 229096 at *6 (citing *Leer*, 844 F.2d at 632-33).

demonstrated above, there is a significant difference between this suit and that of a normal section 1983 due process and equal protection suit.  In the usual case, the plaintiff alleges that similarly situated persons who are not in the same protected class as the plaintiff were treated differently.[52]  Here, Ms. Park is complaining that *someone else* was treated differently on the basis of race.  Even if the Court takes this statement as true, it still does not indicate that Ms. Park was denied a protected right.  Ms. Park has alleged that somebody was denied their liberty interest,[53] a right protected by the Constitution, she just has failed to allege that she was denied any protected interest.  And since she has failed to allege that she was denied "some right protected by the Constitution or laws of the United States[,]"[54] she has failed to show that she has standing.

Ms. Park has alleged that her due process rights were violated both substantively and procedurally and that she was denied equal protection.  As discussed above, however, the failure to arrest an individual does not implicate the due process clause in either a substantive or procedural way.[55]  Moreover, equal protection of the laws is not a substantive right.[56]  Ms. Park is required to plead how the failure to equally enforce the law deprived her "of some right protected by the Constitution or laws of the United States."[57]  She has failed to do so.  For these reasons, Ms. Park's suit should be dismissed because she has not suffered "an invasion of a concrete and particularized legally protected interest."[58]

---

[52]   *See Ventura Mobile Home Communities Owners Ass'n,* 371 F.3d at 1055; *Lee,* 250 F.3d at 687; *see also City of Cleburne,* 473 U.S. at 439 (Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike").

[53]   *See* First Amended Complaint, ¶ 43.

[54]   *Seed,* 1994 WL 229096 at *6 (citing *Leer,* 844 F.2d at 632-33).

[55]   *See Town of Castle Rock,* 545 U.S., at 768.

[56]   *Harris v. McRae,* 448 U.S. 297, 322, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980).

[57]   *Seed,* 1994 WL 229096 at *6 (citing *Leer,* 844 F.2d at 632-33).

[58]   *Lujan v. Defenders of Wildlife,* 504 U.S. at 560.

**IV.    Without an Underlying §1983 Violation, Plaintiff May Not Allege a §1985 Action on the Same Pled Facts.  Therefore, Ms. Park's Fourth and Fifth Causes of Action should be dismissed.**

As demonstrated above, Ms. Park has no right to have anyone arrested, or to have the police "take action."[59]  She failed to state an equal protection claim and she has failed to state, either procedurally or substantively, a due process claim.  The absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations.[60]  The Ninth Circuit precludes plaintiffs from bringing conspiracy claims for violating equal protection and due process when there is no underlying violation of equal protection and due process.[61]  As demonstrated above, Ms. Park cannot show that the DPS Defendants' acts "deprived [her] of some right protected by the Constitution or laws of the United States."[62]  Ms. Park's improperly plead "substantive" equal protection must fail and the U.S. Supreme Court has barred both her procedural and substantive due process claims against the DPS Defendants for failing to "take action" on an intoxicated Babauta.  Further, even if the Ninth Circuit allowed Ms. Park to state a claim for conspiracy, and it does not, she has failed to do so.

When pleading a conspiracy a "plaintiff must make some showing of an agreement or a meeting of the minds on the part of defendants to violate his constitutional rights."[63]  Conspiracy allegations must be supported by material facts and not merely conclusory statements.[64]  "Vague and conclusory allegations are not sufficient to support a claim for

---

[59]    *See Town of Castle Rock,* 545 U.S., at 768.

[60]    *Cassettari v. Nevada County, Cal.,* 824 F.2d 735, 739 (9th Cir.1987) (citing *Dooley v. Reiss,* 736 F.2d 1392, 1395 (9th Cir.), *cert. denied,* 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984)).

[61]    *See, e.g., Id.*

[62]    *Seed,* 1994 WL 229096 at *6 (citing *Leer,* 844 F.2d at 632-33).

[63]    *Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir. 19889) (citing *Fonda v. Gray,* 707 F.2d 435 (9th Cir. 1983))

[64]    *Lockary v. Dayfetz,* 587 F.Supp. 631 (N.D. Cal. 1984).

LA/576564v1

-14-

1   civil rights violations based on conspiracy."[65]  This heightened pleading standard no longer

2   applies to civil rights actions in general,[66] but it does still apply to conspiracy claims.[67]

3         The heightened pleading standard requires that a conspiracy claim must be pled with

4   particularity as to which defendants conspired, how they conspired and how the conspiracy

5

6   led to a deprivation of plaintiff's constitutional rights.[68]  Ms. Park's pleadings fail to meet

7   this standard.

8         All Ms. Park has pled are conclusory facts.  For example, Ms. Park alleges that: the

9   DPS Defendants (and perhaps others) formed a conspiracy;[69] all defendants conspired to

10  destroy evidence;[70] and obstruct justice.[71]  These are all conclusory allegations which assume

11
    the ultimate issue.  Ms. Park has not alleged what evidence was destroyed or how justice
12

13  was obstructed.[72]  Since she has no personal right to see anyone prosecuted, she was no

14  more injured by this "obstruction of justice" than any other individual on Saipan.

15  **V.    The Facts Alleged Do Not Show a Violation of Constitutional Rights.  Therefore,
            the DPS Defendants are entitled to Qualified Immunity and Ms. Park's First,**
16  **      Second, Third, Fourth, Fifth, and Seventh Causes of Action Should Be**
    **      Dismissed.**
17
18        Qualified immunity is "an entitlement not to stand trial or face the other burdens of

19  litigation."[73]  The privilege is "an *immunity from suit* rather than a mere defense to liability;

20

---

21        [65]  *Ivey*, 673 F.2d at 268.

22        [66]  *see Galbraith v. County of Santa Calara*, 307 F.3d 1119, 1126 (9th Cir. 2002)

          [67]  *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir.2004).
23
          [68]  *See Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997).
24        [69]  *See* First Amended Petition, ¶ 38.

          [70]  *See* First Amended Petition, ¶ 50.
25
          [71]  *See* First Amended Petition, ¶ 50.
26        [72]  *See, e.g., Mendocino Environmental Cntr. v. Mendocino County*, 14 F.3d 457 (9th Cir.1994) (citing how
    plaintiffs' petition claimed that law enforcement officials intentionally released false information to the press that
27  was made to smear them and other [organization] members as terrorists and violent fanatics.  The complaint also
    alleged that the plaintiffs were arrested without probable cause and that the agents supplied false information to the
    magistrate, leading to the issuance of a search warrant.).
28        [73]  *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

1  and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to

2  trial." As a result, "[the U.S. Supreme Court has] repeatedly . . . stressed the importance of

3  resolving immunity questions at the earliest possible stage in litigation."[74]  The Supreme

4
   Court has held that the denial of a claim of qualified immunity is immediately appealable
5
   under the collateral order doctrine.[75]
6

7         A court asked to rule on qualified immunity must consider this threshold question:

8  "Taken in the light most favorable to the party asserting the injury, do the facts alleged show

9  the officer's conduct violated a constitutional right?"[76]  As demonstrated frequently in earlier

10 sections of the brief, Ms. Park has failed to allege she was denied equal protection of any

11
   right protected by the U.S. Constitution, and the U.S. Supreme Court has concluded that
12
   individuals have no protected interest in having a third party arrested.  Therefore, as the
13
14 Plaintiff's own alleged facts fail to show the DPS Defendants violated any of Ms. Park's

15 constitutional rights, the DPS Defendants are immune and the suit must be dismissed.

16      **VI.    28 U.S.C. 1347(c) Allows Dismissal of Plaintiff's Remaining State Claims.
                 Therefore, Ms. Park's remaining state claims should be dismissed without**
17               **prejudice.**

18        Ms. Park's state law claims should be dismissed outright as they are alleged

19 constitutional violations, which fail to state a claim, or they are negligence actions which are
20
   barred by the public duty doctrine.  28 U.S.C. § 1367(c), however, provides that district
21
22 courts may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or

23 complex issue of State law, (2) the claim substantially predominates over the claim or claims

24 over which the district court has original jurisdiction, (3) the district court has dismissed all

25 claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are
26

27    [74]  *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) *(per curiam).*
      [75]  *Mitchell,* 472 U.S. at 526.
28    [76]  *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991).

other compelling reasons for declining jurisdiction." In the absence of federal question or

diversity jurisdiction, it is within the Court's discretion to decline to exercise supplemental

jurisdiction and to dismiss Ms. Park's remaining claims based upon local law without

prejudice pursuant to 28 U.S.C. § 1367(c).[77] As discussed above, Ms. Park's claims express

her disappointment and unhappiness that DPS officers failed to "take action" on a drunk

driver. Ms. Park's disappointment, however, does not constitute a section 1983 action.

Even if this court were to find that there is any question that Ms. Park has any valid local

law claims, these claims would involve novel questions of local law. Accordingly, the first

three, if not all four factors contained in the statute would militate in favor of dismissing Ms.

Park's local law claims without prejudice. This would allow these local law questions,

which predominate, to be decided in the first instance by the local courts.

## CONCLUSION

WHEREFORE, based upon the foregoing, this honorable Court should grant, in whole or

in part, DPS Defendants' Motion to Dismiss and that all costs be taxed to Ms. Park.

---

[77] *See Dyack v. Northern Mariana Islands,* 317 F.3d 1030, 1037-38 (9th Cir. 2003); *Bryan v. Adventist Health Sys./West,* 289 F.3d 1162, 1169 (9th Cir. 2002).

1

Respectfully submitted
Monday, September 10, 2007
OFFICE OF THE ATTORNEY GENERAL

2

3

4

5

Braddock Huesman, T#00047

6

7

CERTIFICATE OF SERVICE

8

9

**I certify that a copy of Defendants' Motion to Dismiss was served on George Hasselback, who is the attorney in charge for plaintiff, Ms. Park, and whose address is PO Box 501969, Saipan, MP 96950, (670) 234-5684, by electronic filing on September 10, 2007.**

10

11

hand delivery

12

13

**Braddock J. Huesman**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28