IN THE SUPERIOR COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LEE BOK YURL, ) | Civil Action No. 99-0085 |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| YOON YOUNG BYUNG, HAN IN HEE, ) | |
| AND VICENTE I. TEREGEYO, ) | |
| ) | |
| Defendants. ) | |

## I. PROCEDURAL BACKGROUND

This matter came before the Court on December 15, 1999, in Courtroom 223A at 10:00 a.m. on Plaintiff's motion for summary judgment, Plaintiff's motion to dismiss, Defendants' cross-motion for summary judgment and Defendants' alternative motion to dismiss. John M. Chambers, Esq., appeared on behalf of the Plaintiff, Lee Bok Yurl. Antonio M. Atalig, Esq. appeared on behalf of the Defendants, Yoon Young Byung, Han In Lee, and Vicente I. Teregeyo. The court, having heard and considered the arguments of counsel, and having been fully informed of the premises, now renders its decision.

## II. FACTS

On December 8, 1998, Defendant Yoon allegedly told Plaintiff that there was 1,000 square meters of real property on Beach Road which could be leased by Plaintiff for a period of 55 years for $100,000.00, payable in installments of $5,000.00 every six months. The two parties then traveled to the property. Plaintiff contends that Defendant Yoon showed Plaintiff Lot 009D-73. Defendant Yoon contends that Plaintiff was only shown the general location of the property.

**FOR PUBLICATION**

 [p. 2] Plaintiff then allegedly told Defendant Yoon that he wished to verify ownership of the property with the Department of Public Lands but that Defendant Yoon told Plaintiff not to do so.  Defendant Yoon then told Plaintiff to obtain $100.00 and to go to the law office of Reynaldo Yana to sign an agreement so that nobody else could lease the land.  Defendant Yoon also allegedly told Plaintiff that he would be able to obtain a full refund of the $100.00 if Plaintiff decided not to lease the land.

On December 11, 1998, Defendant Teregeyo and Plaintiff executed an "agreement to lease"  whereby Plaintiff agreed to lease Lot No. 4, Block 38 (Lot 009D-74) from Defendant Teregeyo.   Pursuant to the agreement, Plaintiff paid $3,000.00 as a down-payment with $1,000.00 for attorney fees to Attorney Yana and $2,000.00 as brokers' commissions for Defendants Yoon and Teregeyo.

On December 14, 1998, Plaintiff went to the Land Registration Office and was informed that William R. Concepcion owns Lot No. 4, Block 38 (Lot 009D-74) in fee simple and has owned such property since 1981.  Plaintiff then noticed that although the "agreement to lease" references Lot 4, Block 38 (Lot 009D-74) as being the real property to be leased, it appears that the number "3" in Lot 4, Block 38 was a handwritten addition to the "Determination of Ownership" document (No. 1146) shown to Plaintiff.

On December 16, Plaintiff told Attorney Yana that Defendants did not own Lot 4, Block 38 (Lot 009D-74) and could not, therefore, purport to transfer possession of the property. Attorney Yana immediately returned the $1,000.00 in attorney fees.

On February 9, 1999, Plaintiff filed a complaint alleging: (1) fraud and misrepresentation for concealment of non-merchantable condition of title; (2) breach of contract; and (3) breach of implied warranty of marketable title.

On March 10, 1999, Defendants filed an answer contending that they never entered into a lease agreement and setting forth counterclaims against Plaintiff for: (1) defamation;  (2) negligent infliction of emotional distress; and (3) slander of title.

On March 19, 1999, Plaintiff filed a reply to the counterclaim denying liability on all three counterclaims. **[p. 3]**

### III. ISSUES

1. Whether the court shall grant Plaintiff's motion for summary judgment pursuant to Com. R. Civ. P. 56 on the grounds that there is no dispute as to material fact and that Plaintiff has shown that he is entitled to judgment as a matter of law on the claims for fraud and misrepresentation, breach of contract, and breach of implied warranty of marketable title.

2. Whether the court shall grant Plaintiff's motion to dismiss Defendants' counterclaims for defamation, negligent infliction of emotional distress, and slander of title pursuant to Com. R. Civ. P. 12(b)(6) on the ground that Defendant fails to state a claim upon which relief may be granted.

3. Whether the court shall grant Defendants' cross-motion for summary judgment pursuant to Com. R. Civ. P. 56 on the grounds that there is no dispute of material fact and that Defendants have shown that they are entitled to judgment as a matter of law on Plaintiff's causes of action and on the counterclaims for defamation, negligent infliction of emotional distress, and slander of title.

4. Whether the court shall grant Defendants' alternative motion to dismiss pursuant to Com. R. Civ. P. 12(b)(6) on the grounds that Plaintiff has failed to state a claim for which relief can be granted on the claims for breach of contract, fraud and misrepresentation, and breach of implied warranty of marketable title.

### IV. ANALYSIS

A. <u>Plaintiff's Motion for Summary Judgment</u>.

The standard for summary judgment is set forth in Rule 56 of the Commonwealth Rules of Civil Procedure. Rule 56(a) provides:

> A party seeking to recover upon a claim . . . may . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof. Com. R. Civ. P. 56(a).

[p. 4]
Rule 56(c) continues:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Com. R. Civ. P. 56(c); *see also Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 92 L.Ed.2d 264 (1986). Once a movant for summary judgment has shown that no genuine issue of material fact exists, the burden shifts to the opponent to show that such an issue does exist. *See Riley v. Public School Sys.*, 4 N.M.I. 85, 89 (1994); *see also Castro v. Hotel Nikko, Saipan, Inc.*, 4 N.M.I. 268, 172 (1995). In determining whether to grant summary judgment, the court must view the evidence and all inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Here, Plaintiff contends that the affidavit of Plaintiff, taken with the exhibits from the Department of Public Lands and the Commonwealth Recorder's Office, and statements of the Defendants all show that there is no genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law. Defendant, however, contends that issues of material fact exist which preclude entry of summary judgment. Specifically, Defendant argues that Defendants never identified property belonging to William Concepcion as being that of Defendant Teregeyo. Furthermore, Defendants argues that Defendant Teregeyo never claimed that he had clear title to Lot 4, Block 38 (Lot 009D-74). Rather, Defendants contend that the "agreement to lease" conditioned the transfer of Lot No. 4, Block 38 (Lot 009D-74) upon the ability of Defendant Teregeyo to clear title to the property by virtue of a probate action involving the estate of Jose Lisua. Also, Defendants contend that there is an issue as to the identity of the property that is the

subject of the "agreement to lease" as the lease refers to Lot No. 4, Block 38 (Lot 009D-74), whereas the property in which Defendant Teregeyo claims to have an interest is Lot 009D-72.

The court finds that a genuine issue of material fact exists regarding whether Defendant Yoon represented that he could lease Lot 009D-73, belonging to Francesca Demapan, or Lot 009D-74, belonging to William R. Concepcion, or Lot 009D-72, belonging to the estate of Jose Lisua.

[p. 5] The court also finds that a genuine issue of material fact exists regarding the "agreement to lease" and its reference to Lot No. 4, Block 38 (Lot 009D-74) and the fact that the number "3" in "38" appears to have been a handwritten addition to the "Determination of Ownership" document (No. 1146) shown to Plaintiff. Although the implications of such an assertion indicate that Defendants intended to commit fraud, such result can not be reached without a trier-of-fact examining further evidence. It is possible that Defendants intended to refer to the land in which Defendant Teregeyo had an interest, specifically Lot No. 3, Block 8, (Lot 009D-72). Such a result could be determined from the fact that the "agreement to lease" conditions the agreement on the ability of Defendant Teregeyo to clear title to the land. First, the agreement states that "Lessor hereby promises to lease Lot No. 4, Block No. 38 to Lessee **after** Lessor successfully clears his title." *See* Plaintiff's Complaint, Exhibit 2, at 1 (emphasis added). Second, the "agreement to lease" states that "[t]he date of the closing of this agreement shall be on the date Lessor clears their title, included but not limited to, getting a court judgment that he is entitled to the entire lot." *Id*. Finally, the "agreement to lease" states that "[i]f title cannot be cleared even by a court action and the lease cannot be closed, the amount of money paid as consideration of this agreement shall be refunded to Lessee within ten (10) days." *Id*.

To defeat a supported motion for summary judgment, the non-moving party must assert sufficient factual indicia from which a reasonable trier of fact could reasonably find in his or her favor." *Castro supra,* at 272 (1995), *citing Anderson*, *supra* at 249; *see also Eurotex, Inc. v. Muna*, 4 N.M.I. 280, 284 (1995). The court finds that Defendants have shown that a genuine issue of material fact exists by asserting that the "agreement to lease" was intended to refer to property in which Defendant Teregeyo had an interest and was contingent on Defendant

Teregeyo's ability to clear title to the land through the estate of Jose Lisua.  Therefore, for the foregoing reasons, Plaintiff's motion for summary judgment as to the claims for fraud and misrepresentation, breach of contract, and breach of implied warranty of merchantable title is **DENIED**.

 [p. 6]

B.  Plaintiff's Motion to Dismiss Counterclaims.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, "the court must accept the allegations in the complaint as true and construe them in the light must favorable to the plaintiff." *Govendo v. Micronesian Garment Mfg., Inc.*, 2 N.M.I. 270, 283 (1992), *citing Abramason v. Brownstein*, 897 F.2d 389 (9th Cir. 1990); *see also Bolalin v. Guam Publications, Inc.*, 4 N.M.I. 176 (1994).  Dismissal is improper unless the court is absolutely certain that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Id.*, *see also Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  The burden is on the Plaintiff in the present matter as he "must . . . demonstrate that, even after taking the well pleaded facts as true, the [Defendants] still fail to state a claim for relief."  *Govendo v. Marianas Public Land Corp.*, 2 N.M.I. 482, 490 (1992).

1. Counterclaim for Defamation.

Defendants counterclaim for defamation on the ground that Plaintiff told various persons that Defendants attempted to lease public property to Plaintiff.  Defendants contend that, as a result of Plaintiff's action, their reputation has been adversely affected.  Plaintiff, however, contends that this counterclaim must be dismissed on the ground that the allegations in the original complaint are true.  Plaintiff asserts that it has proven by affidavit and by exhibits that the property shown to him belongs to the Commonwealth and to Francesca Demapan and that the property listed in the Lease as Lot No. 4, Block 38 (Lot 009D-74) belongs to William R. Concepcion, not to Defendant Teregeyo.

The elements of a claim for defamation are: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least

to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Bolalin v. Guam Publications, Inc.*, 4 N.M.I. 176, 183 (1994) *citing* RESTATEMENT (SECOND) OF TORTS § 588 (1977).

"A communication is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id.*, *citing* RESTATEMENT (SECOND) OF TORTS § 559 (1977). Also, "[w]hen a slander ascribes to the **[p. 7]** defamed party characteristics or conduct that would adversely affect his fitness for his occupation or profession, the slander is actionable *per se*, and the plaintiff need not allege or prove any special damage." *Benassi v. Georgia-Pacific*, 662 P.2d 760, 765 (Or. App. 1983). However, "[l]oss of reputation alone is not enough to make the defamer liable . . . unless it is reflected in some kind of economic or pecuniary loss." RESTATEMENT (SECOND) OF TORTS, § 575, cmt b (1977).

Here, Defendants have not alleged that they suffered special harm nor have they shown that this action may be brought without alleging the existence of special harm. Defendants only assert that their reputations have been "adversely affected," not that their business reputation has been affected or that any specific economic or pecuniary loss has been incurred. Therefore, the court finds that Defendants' counterclaim for defamation fails to state a claim upon which relief may be granted. As such, Plaintiff's motion to dismiss Defendants' counterclaim for defamation is **GRANTED**.

    2. <u>Counterclaim for Negligent Infliction of Emotional Distress</u>.

Plaintiff contends that Defendants' counterclaim for negligent infliction of emotional distress must be dismissed for failure to state a claim upon which relief can be granted because the Commonwealth does not recognize a cause of action in tort for negligent infliction of emotional distress.

Pursuant to 7 CMC § 3401, "[i]n all proceedings, the rules of the common law, as expressed in the restatements of the law . . . shall be the rules of decision in the courts of the Commonwealth, in the absence of written law or local customary law to the contrary . . ." 7

CMC §3401. The Restatement (Second) of Torts recognizes a cause of action arising from unintended emotional distress. Section 313 of the Restatement (Second) of Torts states:

> (1) If the actor unintentionally causes emotional distress to another, he is subject to liability to the other for resulting illness or bodily harm if the actor:
>
> > (a) should have realized that his conduct involved an unreasonable risk of causing the distress, otherwise than by knowledge of the harm or peril of a third person, and
> >
> > (b) from facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm.
>
> [p. 8] (2) The rule stated in Subsection (1) has no application to illness or bodily harm of another which is caused by emotional distress arising solely from harm or peril to a third person, unless the negligence of the actor has otherwise created an unreasonable risk of bodily harm to the other.

RESTATEMENT (SECOND) OF TORTS, § 313 (1965). The above language does not allow a claim for negligent infliction of emotional distress, it only allows for recovery of damages resulting from unintended emotional distress in situations where the actor's negligent conduct results in bodily harm or the risk of bodily harm. *See* RESTATEMENT (SECOND) OF TORTS § 313, cmt. a (1965) ("[T]here is no liability where the actor's negligent conduct inflicts only emotional distress, without resulting bodily harm . . . [s]uch emotional distress is important only in so far as its existence involves a risk of bodily harm, and as affecting the damages recoverable if bodily harm is sustained.") As such, the Restatement (Second) of Torts, and thus the Commonwealth, do not recognize a cause of action for negligent infliction of emotional distress.

Regardless, in order to successfully allege a cause of action for negligent infliction of emotional distress, Defendants must allege that Plaintiff subjected them to a traumatic event which caused Defendants to fear for their own safety. *See Wilson v. Consolidated Rail Corp.*, 810 F.Supp. 411, 416 (N.D.N.Y. 1993); *see also Impastato v. Hellman Enterprises*, 537 N.Y.S.2d 659, 662 (N.Y. App. Div. 1989). Defendants' counterclaim in no way indicates that Plaintiff's actions caused Defendants to fear for their safety. Therefore, the court finds that Defendants' counterclaim for defamation fails to state a claim upon which relief may be granted. As such, Plaintiff's motion to dismiss Defendants' counterclaim for negligent infliction of emotional distress is **GRANTED**.

3. <u>Counterclaim for Slander of Title</u>.

The elements of a cause of action for slander of title are: (1) the uttering and publication of slanderous words by Defendant; (2) the falsity of the words; (3) malice; and (4) special damages. *See Shenefield v. Axtell*, 545 P.2d 876, 877 (Or. 1976), *see also Prosser & Keaton on Torts*, § 128 (5th Ed. 1984). Defendants contend that as a result of Plaintiff's action, the title to the premises identified in the "agreement to lease" was slandered, disparaged and thereby devalued.

[p. 9] Here, however, Defendant Teregeyo's interest in the property that Plaintiff is purported to have slandered is inadequate to support a claim for slander of title. The Restatement (Second) of Torts broadly defines the interest required to maintain an action for slander of title as "any kind of legally protected interest in land . . . if the interest is transferable and therefore salable or otherwise capable of profitable disposal." RESTATEMENT (SECOND) OF TORTS, § 624, comment c (1977); *see also Bennett v. Pace*, 731 P.2d 33, 34 (Wyo. 1987). Plaintiff's causes of action only relate to the property listed in the "agreement to lease," Lot No. 4, Block 38 (Lot 009D-74). Plaintiff asserts that Defendants do not own such land and do not have any salable interest in such land. In support of this assertion, Plaintiff has provided the court with a certificate of title that indicates that Lot No. 4, Block 38 (Lot 009D-74) belongs to William R. Concepcion. *See* Plaintiff's Motion for Summary Judgment, Exhibit 8. Defendant Teregeyo claims that he has an interest in Lot No. 4, Block 38 (Lot 009D-74) by virtue of an unspecified interest in the estate of Jose Lisua. In support of Defendant Teregeyo's claim to the property, Defendants only provide a "Determination of Ownership" document (No. 1146) which indicates that Lot No. 4, Block 38 (Lot 009D-74) belongs to the estate of Jose Lisua. As such, the only evidence provided to the court concerning the ownership of Lot No. 4, Block 38 (Lot 009D-74) refers to William R. Concepcion or to the estate of Jose Lisua, not to Defendant Teregeyo. Therefore, even after taking all well pleaded facts as true, the court finds that Defendant Teregeyo has a tenuous, non-salable interest in the property and cannot maintain an action for slander of title. As such, Defendants have failed to state a cause of action upon which relief may be granted and Plaintiff's motion to dismiss Defendants' counterclaim for slander of title is **GRANTED**.

C. <u>Defendants' Cross-Motion for Summary Judgment</u>.

As stated, the court finds that there are genuine issues of material fact as to each of Plaintiff's causes of action and therefore entry of summary judgment would be improper at this time. Furthermore, the court has found that each of Defendants' counterclaims must be dismissed for failure to state a cause of action upon which relief may be granted. As such, Defendants' cross-motion for summary judgment on all claims and counterclaims is **DENIED**.

 [p. 10]

D. <u>Defendant's Alternative Motion to Dismiss</u>.

Defendants contend that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. Defendants only argument in support of such motion is that Plaintiff's complaint incorrectly states that Plaintiff was induced by fraud into entering into a "lease agreement" when in fact the document signed was an "agreement to lease." *See* Defendants' Opposition, at 3. Plaintiff's claims for fraud and misrepresentation, breach of contract, and breach of implied warranty of merchantability are unaffected by the characterization of the agreement in question as a "lease agreement" rather than an "agreement to lease." As such, Defendant's alternative motion to dismiss is **DENIED**.

## V.  CONCLUSION

Defendants have established that there are genuine issues of material fact relating to each of Plaintiff's causes of action which must be addressed by the trier-of-fact at trial. As such, Plaintiff's motion for summary judgment as to the claims for fraud and misrepresentation, breach of contract, and breach of implied warranty of merchantable title is **DENIED**.

For the foregoing reasons, the court has found that each of Defendants' counterclaims fails to state a claim upon which relief may be granted. As such, Plaintiff's motion to dismiss Defendants' counterclaims for defamation, negligent infliction of emotional distress, and slander of title is **GRANTED**.

For the foregoing reasons, the court finds that there are genuine issues of material fact as to each of Plaintiff's causes of action and therefore entry of summary judgment would be

improper at this time. Furthermore, the court has found that each of Defendants' counterclaims must be dismissed for failure to state a cause of action upon which relief may be granted. As such, Defendants' cross-motion for summary judgment on all claims and counterclaims is **DENIED**.

For the foregoing reasons, the court finds that Plaintiff's claims for fraud and misrepresentation, breach of contract, and breach of implied warranty of merchantability are **[p. 11]** unaffected by the characterization of the agreement in question as a "lease agreement" rather than an "agreement to lease." As such, Defendant's alternative motion to dismiss is **DENIED**.

So ORDERED this __3__ day of March, 2000.

/s/   Juan T. Lizama
JUAN T. LIZAMA, Associate Judge