Westlaw.

Not Reported in F.Supp.2d                                                                                                      Page 1
Not Reported in F.Supp.2d, 2004 WL 257105 (W.D.Wis.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Barnes v. Black
W.D.Wis.,2004.
Only the Westlaw citation is currently available.
United States District Court,W.D. Wisconsin.
Dennis Earl BARNES, Petitioner,
v.
William J. BLACK, Metropolitan Property & Casualty Insurance, Livingston County Sheriff's Deputy Hamilton and Livingston County Sheriff's Deputy Greagor, Respondents.
**No. 03-C-703-C.**

Feb. 3, 2004.

Dennis Earl Barnes, pro se.

ORDER

CRABB, J.

**\*1** This is a proposed civil action for monetary relief, brought under 42 U.S.C. § 1983. Petitioner, who is presently confined at the Fox Lake Correctional Institution in Fox Lake, Wisconsin, asks for leave to proceed under the *informapauperis* statute, 28 U.S.C. § 1915. From the financial affidavit petitioner has given the court, I conclude that petitioner is unable to prepay the full fees and costs of starting this lawsuit. Petitioner has paid the initial partial payment required under § 1915(b)(1).

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, if the litigant is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if the prisoner has had three or more lawsuits or appeals dismissed for lack of legal merit (except under specific circumstances that do not exist here), or if the prisoner's complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. This court will not dismiss petitioner's case on its own motion for lack of administrative exhaustion, but if respondents believe that petitioner has not exhausted the remedies available to him as required by § 1997e(a), they may allege his lack of exhaustion as an affirmative defense and argue it on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).Massey v. Helman, 196 F.3d 727 (7th Cir.1999); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532 (7th Cir.1999).

Petitioner contends that respondents Hamilton and Greagor violated his rights under the **equalprotection** clause of the Fourteenth Amendment by failing to conduct an exhaustive investigation of a **trafficaccident** in which petitioner was injured and by not ticketing respondent Black for causing the accident. Petitioner will not be allowed to proceed on this constitutional claim because these acts do not violate his rights under the equal protection clause and because it does not appear that he sustained an injury as a result of these alleged shortcomings. In addition, petitioner alleges that respondent Black was at fault for this traffic accident and neither Black nor his insurance provider, respondent Metropolitan, has compensated petitioner for the injuries he sustained as a result of the accident. From his allegations, I conclude that petitioner has stated a negligence tort action against respondent Black. Petitioner argues that there is diversity jurisdiction for this claim. Although the complaint does not provide enough information to establish diversity jurisdiction, I will give petitioner until February 18, 2004 to cure its deficiencies.

In his complaint, petitioner alleges the following facts.

ALLEGATIONS OF FACT

Petitioner Dennis E. Barnes is currently an inmate at the Fox Lake Correctional Institution in Fox Lake, Wisconsin. Respondent William J. Black resides in Reddick, Illinois. Respondent Metropolitan Property and Casualty Insurance is the automobile insurance provider for respondent Black. Respondents Hamilton and Greagor are sheriff's deputies in Livingston County, Illinois.

**\*2** On December 18, 2001, respondent Black caused a serious traffic accident when he pulled out into an intersection in Livingston County, Illinois, colliding into the passenger side of another vehicle in which petitioner was a passenger. Respondent Black did not have the right of way and shortly after the accident, he stated that he had not seen petitioner's vehicle when he pulled out into the intersection. Respondents

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2
Not Reported in F.Supp.2d, 2004 WL 257105 (W.D.Wis.)
**(Cite as: Not Reported in F.Supp.2d)**

Hamilton and Greagor responded to the accident. Although they filled out a traffic crash report form, they did not investigate the accident scene completely, interview petitioner or ticket respondent Black. Petitioner was taken to the Kankakee Trauma Center, where he was later released with instructions to seek follow-up treatment with his family physician or V.A. hospital provider.

Respondents Black and Metropolitan gave petitioner claims forms, stating that respondent Black was at fault and that respondent Metropolitan would take care of everything. Petitioner submitted his bills relating to the accident to respondent Metropolitan, who has paid some but not all of these submitted bills. Both petitioner and his wife Debra have contacted respondent Metropolitan several times regarding these outstanding claims. Respondent Metropolitan has ignored these claims in bad faith. Petitioner continues to suffer from the physical injuries he incurred as a result of the collision.

DISCUSSION

A. *Equal Protection*

Petitioner alleges that respondents Hamilton and Greagor violated his rights under the equal protection clause of the Fourteenth Amendment by not interviewing him about the accident, failing to investigate the accident completely and by not ticketing respondent Black. The equal protection clause of the Fourteenth Amendment guarantees that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Construing the allegations liberally, petitioner's complaint does not suggest any way in which he has been treated differently from similarly situated individuals.

Even if I were to assume that petitioner had alleged that he was treated differently in some way, it is unclear that petitioner sustained an actual injury as a result of the alleged shortcomings of respondents Hamilton and Greagor. A party must have sustained some sort of injury as a result of the alleged wrongdoing to have standing to bring a claim. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). From petitioner's alleged facts, it appears that respondent Black has been held at fault for the accident. It is not clear what additional advantage petitioner would have gained had respondents Hamilton and Greagor conducted a more thorough investigation or ticketed respondent Black. Petitioner's complaint does not make out a claim under the equal protection clause or indicate that he would have standing to bring such a claim. Therefore, he will be denied leave to proceed on this claim.

B. *Negligence*

**\*3** Although petitioner has not identified a legal theory under which he seeks recovery against respondent Black, he is not required to do so. *Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir.1997) (complaint need not identify legal theories). Petitioner's factual allegations make out a negligence tort action against respondent Black on which petitioner will be allowed to proceed if he can establish federal jurisdiction. *See,e.g., Senno v. Jackson,* 262 Ill.App.3d 384, 198 Ill.Dec. 866, 633 N.E.2d 707 (Ill.App.Ct.1992) (recovery against party negligently causing car accident); *Osman v.. Phipps,* 2002 WI App. 170, 256 Wis.2d 589, 649 N.W.2d 701 (same).

Although petitioner need not identify the legal basis for his claim, he must set forth the basis for federal jurisdiction. Fed.R.Civ.P. 8(a)(1). For his claim against respondent Black, petitioner alleges both supplemental and diversity jurisdiction. Because petitioner has not stated a claim under the equal protection clause, there is no underlying claim to which supplemental jurisdiction may attach. There may be diversity jurisdiction over this claim, but plaintiff has not provided enough information to allow me to make this determination. 28 U.S.C. § 1653 permits amendment of complaints to cure deficiencies. Accordingly, I will give petitioner two weeks in which to amend his complaint.

Diversity jurisdiction exists only if petitioner and respondent Black are citizens of different states. 28 U.S.C. § 1332. Petitioner has provided a mailing address for both himself and respondent Black, indicating that he resides in Wisconsin in a correctional institution and respondent Black resides in Illinois. However, residence is not determinitive. The parties must be "citizens" of diverse states. *Salzstein v. Bekins Van Lines, Inc.,* 747 F.Supp. 1281, 1282 (S.D.Ill.1990).

Generally, citizenship is defined by two elements: physical presence and intent to make the state a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 257105 (W.D.Wis.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

permanent home. *Stifel v. Hopkins,* 477 F.2d 1116, 1120 (6th Cir.1972); *Palazzo v. Corio,* 232 F.3d 38, 42 (2d Cir.2000); 15 *Moore's Federal Practice* § 102.34[2] (3d ed.2003). "A prisoner is a citizen of 'the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state.' " *Bontkowski v. Smith,* 305 F.3d 757, 763 (7th Cir.2002) (quoting *Singletary v. Continental Illinois National Bank & Trust Co.,* 9 F.3d 1236. 1238 (7th Cir.1993)). The accident report that petitioner attached to his complaint indicates that he provided the responding officers an Indiana street address and had an Indiana driver's license. Petitioner must amend his complaint identifying both the state in which he plans to live upon his release from prison and respondent Black's state of citizenship. If he and Black are citizens of different states, petitioner will be permitted to proceed on his negligence claim against Black and Black's insurer. He has satisfied the diversity jurisdiction amount in controversy requirement by alleging damages in excess of $75,000. Although some of these claims appear somewhat speculative, courts do not disregard damage amounts that plaintiff's plead unless the damages are not recoverable to a legal certainty. *Freeman v. Sports Car Club of America, Inc.,* 51 F.3d 1358, 1362 (7th Cir.1995).

ORDER

**\*4** 1. Petitioner is DENIED leave to proceed on his claim that respondents Hamilton and Greagor denied him equal protection under the law in violation of his rights under the Fourteenth Amendment and therefore, respondents Hamilton and Greagor are DISMISSED.

2. Petitioner will have until February 18, 2004, in which to amend his complaint to add allegations showing that this court has diversity jurisdiction. If, by February 18, 2004, petitioner fails to respond to this order, the clerk of court is directed to dismiss this case.

W.D.Wis.,2004.  
Barnes v. Black  
Not Reported in F.Supp.2d, 2004 WL 257105 (W.D.Wis.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.