Not Reported in F.Supp.2d    Page 1
Not Reported in F.Supp.2d, 2006 WL 492805 (S.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

Cravens v. City of La Marque, Tex.
S.D.Tex.,2006.
Only the Westlaw citation is currently available.
United States District Court,S.D. Texas, Galveston Division.
Marie CRAVENS, et al., Plaintiffs,
v.
CITY OF LA MARQUE, TEXAS, Defendant.
**No. Civ.A. G-05-545.**

Feb. 28, 2006.

Scot Gibbons Dollinger, Dollinger Law, Houston, TX, for Plaintiffs.
William Scott Helfand, Chamberlain Hrdlicka, Houston, TX, for Defendant.

*ORDER GRANTING DEFENDANT CITY OF LA MARQUE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*

KENT, J.

**\*1** This case arises out of alleged misconduct by former City of La Marque police officer Richard Ontiveros ("Ontiveros"), who failed to take Abner Cravens ("Cravens") into custody for driving while intoxicated even though he allegedly had probable cause to do so. Plaintiffs are Cravens's survivors and representatives of the estate. They bring their claims against the City of La Marque ("the City") under 42 U.S.C. § 1983 for alleged violations of Cravens's constitutional rights. Now before the Court is the City's Motion to Dismiss for Failure to State a Claim pursuant to FED. R. CIV. P. 12(b)(6). For the reasons stated below, the City's Motion is GRANTED, and Plaintiffs' claims against the City are hereby DISMISSED WITH PREJUDICE.[FN1]

> FN1. This Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

I. Background

Plaintiffs allege that Cravens was denied substantive due process and equal protection under the Fourteenth Amendment to the United States Constitution. Plaintiffs claims are based on the alleged misconduct of Officer Ontiveros, who at the time of the events giving rise to this lawsuit was employed as a police officer by the City. Plaintiffs claim that the City is directly liable for the actions of Officer Ontiveros based on its policies, customs, and practices, which resulted in the violation of Cravens's constitutional rights and resulted in his untimely death. The tragic facts of this case are laid out below.[FN2]

> FN2. Since this is a Motion to Dismiss, the Court must consider the facts as they have been presented by Plaintiffs. Accordingly, the Court has laid out the facts as alleged in Plaintiffs' Complaint, but makes no judgment as to their accuracy.

Plaintiffs allege that around 5:30 p.m., on or about October 13, 2003, Cravens was driving his vehicle in La Marque, Texas, when he rear-ended another motor vehicle driven by Rosezelia Sonnier ("Sonnier"), who also happened to be his cousin. After the accident occurred, Sonnier and others were concerned about Cravens's well-being because he appeared to be intoxicated, and they called the La Marque Police Department. Police arrived at the scene of the accident shortly thereafter, and Officer Ontiveros conducted an investigation.[FN3] Plaintiffs claim that Officer Ontiveros was advised at the scene that Cravens was intoxicated and that he required help, and that Officer Ontiveros knew that Cravens was intoxicated based on his own personal observations. Next, Plaintiffs claim that Officer Ontiveros told Cravens's family and others that he had the situation under control, that he would handle the situation, and that their involvement "was no longer needed, necessary, or allowed." As a result, all of the people that would have helped Cravens left his "well-being" in the hands of Officer Ontiveros. Additionally, Plaintiffs claim that Officer Ontiveros had probable cause to arrest Cravens for driving while under the influence of alcohol, but instead, released Cravens and allowed him to continue to drive his vehicle in his intoxicated state, posing a danger to himself and others.

> FN3. Plaintiffs do not mention any other La Marque police officers in their Complaint.

Shortly after Officer Ontiveros released Cravens, he was involved in a second accident. Cravens crossed the center line and ran head-on into oncoming traffic. Cravens suffered injuries that ultimately lead to his death several days later. Plaintiffs allege that had Officer Ontiveros not told

Not Reported in F.Supp.2d                                                                                                   Page 2
Not Reported in F.Supp.2d, 2006 WL 492805 (S.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

them that he had the situation under control, they would have made sure Cravens was driven from the scene and given proper medical care. Essentially, Plaintiffs claim that but for the actions of Officer Ontiveros, Cravens would still be alive.

*2 Plaintiffs originally filed suit against the City and Officer Ontiveros. That cause of action was dismissed on July 11, 2005 because Plaintiffs' Counsel failed to appear at the Rule 16 Scheduling Conference. On July 25, 2005, Plaintiffs moved to reopen the case as to Officer Ontiveros only. The Court granted that motion and the case was reopened as to Officer Ontiveros.[FN4] On October 12, 2005, Plaintiffs filed a separate suit against the City concerning the same events. On November 16, 2005, the City filed its Motion to Dismiss for Failure to State a Claim. After thoughtful consideration of the City's Motion, Plaintiff's Response thereto, and applicable law, the Court concludes that the City's Motion to Dismiss is hereby GRANTED.

>    FN4. Cause No. 3:05-cv-00222, *Cravens, et al. v. Richard Ontiveros.*

II. Motion to Dismiss for Failure to State a Claim

A party is entitled to dismissal under FED. R. CIV. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. Rule 12(b)(6) dismissal is appropriate when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002); *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994). When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint, and views them in the light most favorable to the plaintiff. *See Scanlan v. Texas A & M University,* 343 F.3d 533, 536 (5th Cir.2003); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000) (noting that a court must construe the complaint liberally in favor of the plaintiff).*See also Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993)."A motion to dismiss under Rule 12(b)(6) 'is viewed with disfavor and is rarely granted.' " *Collins,* 224 F.3d at 498 (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir.1982)).

Although all doubts are resolved in the plaintiff's favor, a plaintiff still must plead specific facts to avoid dismissal for failure to state a claim; a court may not accept as true conclusory allegations or unwarranted deductions of fact contained within the plaintiff's complaint. *See Tuchman,* 14 F.3d at 1067;*Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993)." '[A] statement of facts that merely creates a suspicion that the pleader might have a right of action' is insufficient."*Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995) (quoting 3 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1216 at 163). Dismissal is appropriate if the complaint lacks factual allegations regarding required elements necessary to obtain relief. *Id.* (citing 2A MOORE'S FEDERAL PRACTICE ¶ 12.07 [2.-5] at 12-19 (footnote omitted)).

*3 Additionally, in considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings. *See Scanlan,* 343 F.3d at 536-37. In their Response, Plaintiffs invite the Court to consider briefs and exhibits that have been submitted in their lawsuit against Officer Ontiveros in his individual capacity. *See* Defendant's Motion for Summary Judgment, *Cravens, et al. v. Ontiveros,* Cause No. 3:05-cv-222. Those exhibits have no bearing on the Court's determination of the sufficiency of Plaintiffs' Complaint to state a claim for which relief can be granted against the City, and they will not be considered. Only in narrow circumstances are documents beyond the pleadings themselves considered by a court in ruling on a Rule 12(b)(6) motion. *See Scanlan,* 343 F.3d at 536-37. This case does not fall within those parameters, and the City's Motion to Dismiss will be based solely on the pleadings.

III. Analysis

A. 42 U.S.C. § 1983

42 U.S.C. § 1983 provides a cause of action for those who have been deprived of their federal rights under color of law. Section 1983 does not create any substantive rights, rather, it "simply provides a remedy for the rights that it designates."*Johnson v. Harris County Flood Control Dist.,* 869 F.2d 1565,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-00021   Document 25-3   Filed 01/31/2008   Page 3 of 7

Not Reported in F.Supp.2d                                                                                                          Page 3
Not Reported in F.Supp.2d, 2006 WL 492805 (S.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

1574 (5th Cir.1989). The assertion of an underlying constitutional or federal statutory violation is a predicate to liability under § 1983. *See Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir.1998). A municipality will only be held liable for the violation of a plaintiff's constitutional rights if the municipality's policies were the moving force behind the constitutional violation. *See Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir.2001) (*"Piotrowski II"*) (citing *Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 690-94, 98 S.Ct. 2018, 2035-37, 56 L.Ed.2d 611 (1978)).

Plaintiffs premise their § 1983 claims upon the following constitutional violations: (1) violation of Cravens's substantive due process rights under the Fourteenth Amendment to the United States Constitution arising from a special relationship as established in the Supreme Court's decision in *DeShaney v. Winnebago County Dept. of Soc. Sevs.,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); (2) violation of Cravens's substantive due process under the Fourteenth Amendment to the United States Constitution arising under the state-created danger theory; and (3) violation of Cravens's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The sufficiency of Plaintiffs' claims against the City with respect to each alleged constitutional violation will be analyzed individually. Each analysis will require a two-part inquiry: (1) have Plaintiffs alleged facts which, if true, amount to a constitutional violation, and (2) have Plaintiffs alleged that a policy or custom of the City was the moving force behind the constitutional violation.

A. Substantive Due Process

**\*4** In general, municipalities are under no affirmative duty to provide protection to private citizens. "[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests of which the government itself may not deprive the individual." *Id.* at 196, 109 S.Ct. at 1003. "[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197,109 S.Ct. 1004.However, there are exceptions. The Constitution imposes a duty to protect individuals in two limited circumstances: (1) when the state has a special relationship with a person; or (2) when the state exposes a person to a danger of its own creation (a "state-created danger").*See Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir.1995) (*"Piotrowski I"*) (citing *Salas v. Carpenter,* 980 F.2d 299, 307 (5th Cir.1992)). Plaintiffs argue both that Officer Ontiveros created a special relationship with Cravens and therefore had a duty to protect him, and that Officer Ontiveros subjected Cravens to a state-created danger by cutting off a private source of aid.

1. Special Relationship

"[I]n certain limited circumstances, the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals."*DeShaney,* 489 U.S. at 198, 109 S.Ct. at 1004. This is known as the "special relationship" exception. Under this exception, the state has a constitutional duty to protect an individual from known threats of harm by private actors. *See Beltran v. City of El Paso,* 367 F.3d 299, 307 (5th Cir.2004); *Priester v. Lowndes County,* 354 F.3d 414, 421-22 (5th Cir.2004). The affirmative duty only arises when the state acts to restrain an individual through incarceration, institutionalization or puts some other similar restraint on an individual's personal liberty by the affirmative exercise of state power such that he cannot act on his own behalf. *See McClendon v. City of Columbia,* 305 F.3d 314, 324 (5th Cir.2002); *Walton v. Alexander,* 44 F.3d 1297, 1303-04 (5th Cir.1995).*See also DeShaney,* 489 U.S. 199-200, 109 S.Ct. at 1005-06.

Plaintiffs have failed to allege any facts in their Complaint that would support a cause of action under the special relationship exception. First, there is no allegation that Cravens was institutionalized, incarcerated or in any other way restrained his freedom. *See McClendon,* 305 F.3d at 324. In fact, it was Officer Ontiveros's *failure to arrest* is the keystone to Plaintiffs' claims. Cravens was only detained for the purpose of investigating the accident, and he was then permitted to drive away. In *Beltran v. City of El Paso,* the Fifth Circuit emphasized that the state actor must affirmatively place the individual into custody and restrain the individual's freedom for the special relationship exception to apply. *See Beltran,* 367 F.3d at 307 (finding that the actions of a 911 operator encouraging a caller to stay in the bathroom and telling her that police were on their way did not establish a special relationship or that the operator became the custodian of the caller's safety).

**\*5** Second, there is no allegation that Officer

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 4
Not Reported in F.Supp.2d, 2006 WL 492805 (S.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

Ontiveros prevented Cravens from acting on his own behalf. Officer Ontiveros merely let Cravens return to the activities in which he was engaged directly before coming into contact with the police. Whether Cravens could act on his own behalf given his alleged state of intoxication is irrelevant. Cravens's intoxicated state was due to his own voluntary actions, and his intoxication alone does not give rise to a special relationship with Officer Ontiveros. There was no special relationship between Cravens and Officer Ontiveros and therefore no constitutional violation. As such, there can be no claim against the City, for if a person has not suffered a constitutional injury, whether the City's regulations might have authorized the conduct is beside the point. *See Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986).* Plaintiffs claim against the City premised on the special relationship theory is hereby DISMISSED WITH PREJUDICE.

2. State Created Danger Under Substantive Due Process

The validity of the state-created danger theory is uncertain in the Fifth Circuit, which has repeatedly declined to recognize state-created danger as a trigger of affirmative duties under the Due Process Clause. *See Beltran, 367 F.3d at 307;Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 249 (5th Cir.2003).* However, on numerous occasions the Fifth Circuit has recognized and discussed the existence and elements of the doctrine, as well as its acceptance in other Circuits. *See id.;Scanlan, 343 F.3d at 538;Randolph v. Cervantes, 130 F.3d 727 (5th Cir.1997); Doe v. Hillsboro Indep. Sch. Dist., 113 F.3d 1412 (5th Cir.1997); Piotrowski I, 51 F.3d 512;Johnson v. Dallas Indep. Sch. Dist.,*38 F.3d 521 (5th Cir.1994). Additionally, the Circuit has discussed what a plaintiff would be required to show to prevail on such a theory. To survive Rule 12(b)(6) dismissal, a plaintiff must allege facts sufficient to show: (1) that the state actor increased the danger to the individual, and (2) that the state actor acted with deliberate indifference to the plight of the plaintiff. *See Rivera, 349 F.3d at 249;Scanlan, 343 F.3d at 537-38;Piotrowski I, 51 F.3d at 515.* "The key to the state created danger cases ... lies in the state actors' culpable knowledge and conduct in affirmatively placing an individual in a position of danger, effectively stripping a person of [his or] her ability to defend [himself or] herself, or cutting off potential sources of private aid."*Johnson,* 38 F.3d at 201 (quotations and citations omitted). In *Scanlan,* the Circuit expressly noted that despite the theory's uncertain viability, a district court should treat such claims as valid on a motion to dismiss, and analyze them accordingly. *See Scanlan, 343 F.3d at 538.*

According to the facts as alleged, Officer Ontiveros prevented Cravens's cousin and others from rendering aid to Cravens at the scene of the first accident by telling them that "he had the situation in hand and that he would take care of the situation."By making representations that Cravens would be taken care of, he cut off a potential source of aid, and discouraged Cravens's family and others from looking out for the safety of Cravens. Plaintiffs claim that but for Officer Ontiveros's representations, Cravens's family and others would have intervened to see that Cravens arrived home safely. These facts, as alleged, demonstrate that by cutting off a potential source of aid, Officer Ontiveros created a situation where Cravens was in greater danger than he would have otherwise been.[FN5]

> FN5. The Court again notes that the facts alleged must be taken as true.

*6 Whether the facts support the second requirement, that Officer Ontiveros acted with deliberate indifference, presents a more difficult question. There is a significant distinction between a tort and a *constitutional* wrong. *See Lefall v. Dallas Ind. Sch. Dist., 28 F.3d 521, 532* (citing *de Jesus Benavides v. Santos, 883 F.2d 385, 388* (5th Cir.1989)). The Supreme Court has made it clear that "[t]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property."*Davidson v. Canon, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).* Where a state actor is merely negligent in causing the injury, no procedure for compensation is *constitutionally* required. *Id.* Reckless and grossly negligent conduct by state officials falls squarely within the ambit of traditional state tort law. *See de Jesus Benavides, 883 F.2d at 388.* Accordingly, the conduct of a state actor does not violate a victim's right to substantive due process unless that conduct is carried out with deliberate indifference.

Deliberate indifference is a "lesser form of intent rather than a heightened form of negligence."*Lefall, 28 F.3d at 531* (internal quotations omitted). It involves a higher degree of certainty than gross negligence. *See Doe v. Taylor Indep. Sch. Dist.,*15

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-00021   Document 25-3   Filed 01/31/2008   Page 5 of 7

Not Reported in F.Supp.2d                                                                                                Page 5
Not Reported in F.Supp.2d, 2006 WL 492805 (S.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

F.3d 433, 453 (5th Cir.1994)."Deliberate indifference requires that the state actor both knew of and disregarded an excessive risk to the victim's health and safety."*Beltran, 367 F.3d at 307* (citing *McLendon, 305 F.3d at 326 n. 8).* Plaintiffs' argue that by failing to arrest Cravens when he was intoxicated *and* by cutting off private sources of protection, Officer Ontiveros acted with deliberate indifference toward the safety and well-being of Cravens. Plaintiffs rely upon a case from the Third Circuit, *Kneipp v. Tedder, 95 F.3d 1199 (3d Cir.1996)*, for this argument. In that case, an intoxicated woman was walking home with her husband when the couple was stopped by police officers who later told the husband to go home.*Id. at 1201-03.*The husband left while his wife was resting on the hood of a police vehicle in the presence of several officers. After his wife did not return home, he went to look for her and came across the police officers he had been with earlier. When he asked about her whereabouts, an officer told him to "get out of here" before he was locked up. The husband left again upon the instruction of the officer. His wife was later found in a ditch where she suffered hypothermia causing permanent brain damage. In that case, the Third Circuit found that the plaintiffs had "adduced sufficient evidence to raise a material issue as to whether [the officers] had acted in willful disregard for [her] safety."*Id. at 1208.*The validity of *Kneipp* in this Circuit is far from certain. However, given the deference owed to a plaintiff on a motion to dismiss, the Court assumes without deciding that given the facts as alleged (that Officer Ontiveros knew that Cravens was intoxicated, permitted him to drive away from the scene of the accident *and* that he cut off private sources of aid), Plaintiffs have alleged sufficient facts to support their claim that Officer Ontiveros knew and disregarded an excessive risk to Cravens's safety.[FN6] Therefore, Plaintiffs have stated facts sufficient to show a constitutional violation by Officer Ontiveros under the state-created danger theory.[FN7]The next inquiry is whether the City's policies or customs were the "moving force" behind the alleged violation. If not, then Plaintiffs' claim against the City must fail as a matter of law.

> FN6. The Court has doubts as to whether the act of allowing a drunk driver to continue driving after already committing one accident, and where people are offering to render him aid, actually amounts to deliberate indifference given the Supreme Court's recent decision in *Town of Castle Rock, Colo. v. Gonzalez, --- U.S. ----, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005)*, and the Fifth Circuit's decision in *Saenz v. Heldenfels Bros., Inc., 183 F.3d 389 (5th Cir.1999)*. In *Castle Rock,* the Supreme Court recognized the "deep-rooted nature of law-enforcement discretion, even in the presence of seemingly mandatory legislative commands."*Castle Rock, --- U.S. ----, 125 S.Ct. at 2805-06, 162 L.Ed.2d 658*. In *Saenz,* the Fifth Circuit found that "neither the text nor the history of the Due Process Clause supports holding that an officer who orders another officer to refrain from arresting a suspected drunk driver has committed a constitutional tort," and that a state officer "cannot offend due process by permitting an intoxicated driver to remain on the highway, thereby increasing the risk of harm to unidentified and unidentifiable members of the public."*Saenz, 183 F.3d at 391, 392*. For the purposes of this Motion, and given the absence of any directly-controlling authority, the Court will assume that Officer Ontiveros's actions amounted to deliberate indifference. However, the Court also recognizes that this questions presents a difficult policy decision best left to the purview of the Fifth Circuit, and not a district court.

> FN7. The Court notes that this conclusion is aided by the fact that on a motion to dismiss for failure to state a claim the facts as alleged must be construed in a light most favorable to the plaintiff and all facts as alleged are to be taken as true.

*7 In suits against a city, "a plaintiff must demonstrate that a [city] 'policy' was the 'moving force' behind the constitutional violation."*In re Foust, 310 F.3d 849, 861 (5th Cir.2002)* (citing *Brown v. Bryan County, Okla., 219 F.3d 450, 457 (5th Cir.2000)*). To prove a violative policy or practice, a plaintiff must show that "(1) the local government or official promulgated a policy; (2) the decision displayed 'deliberate indifference' and proved the government's culpability; and (3) the policy decision lead to the particular injury."*Id.* The Supreme Court has said that "locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials

Case 1:07-cv-00021    Document 25-3    Filed 01/31/2008    Page 6 of 7

Not Reported in F.Supp.2d                                                                                                Page 6
Not Reported in F.Supp.2d, 2006 WL 492805 (S.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

whose acts may fairly be said to be those of the municipality." *Board of County Comm'rs v. Brown,* 520 U.S. at 403-04 (citing *Monnell,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611).

At this stage in the case, Plaintiffs do not need to prove a county custom or policy. Rather, they must allege facts which, if true, state a claim for which relief can be granted. Plaintiffs have failed to allege any facts showing that the allegedly unconstitutional action of Officer Ontiveros was carried out pursuant to the official policies and customs of the City. Plaintiffs essentially describe a "single incident" in which Officer Ontiveros exercised poor judgment. *See Campbell,* 43 F.3d at 977. There are no facts in the Complaint to support Plaintiffs' allegations of any of the following customs or policies on the part of the City: (1) failure to train police officers on their duties when confronted with intoxicated drivers; (2) failure to timely review and enforce the City's policies and procedures; (3) allowing discretion on arresting intoxicated drivers; and (4) allowing police officers to extend "special favors" to family members of law enforcement officers even when those "special favors" would result in failing to protect individuals such as Cravens and the public at large.[FN8] These are all conclusory allegations without any supporting facts. Furthermore, Plaintiffs' have failed to assert any facts which would show that any of these policies were the "moving force" behind Officer Ontiveros's decision not to arrest Cravens, or that Officer Ontiveros's poor decision on that evening was anything more than an isolated incident. For these reasons, Plaintiffs' claim against the City under the state-created danger theory is hereby DISMISSED WITH PREJUDICE.

> FN8. There are not even any facts indicating that Officer Ontiveros was granting anyone a "special favor" by failing to arrest Cravens.

B. Equal Protection Claim

The Equal Protection Clause requires similar treatment of all persons similarly situated. *See City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). A party who wishes to make out an equal protection claim must prove the existence of purposeful discrimination motivating the alleged state action. *See Washington v. Davis,* 426 U.S. 229, 246-50, 96 S.Ct. 2040, 2051-52, 48 L.Ed.2d 597 (1976); *Bryan v. City of Madison, Miss.,* 213 F.3d 267, 276 (5th Cir.2000); *Vera v. Tue,* 73 F.3d 604, 609-10 (5th Cir.1996). To establish a claim of selective law enforcement, a plaintiff must show that selective enforcement was deliberately based upon an unjustifiable standard, such as race or religion. *See Beeler v. Rounsavall,* 328 F.3d 813, 817 (5th Cir.2003).

**\*8** Plaintiffs assert that "[b]ut for [Cravens's] status as an African-American, Officer Ontiveros would have properly arrested [him] in order to protect him." The City argues that this claim is unsupported and conclusory. The Court agrees. There are no facts in the Complaint to support an equal protection violation. There are no facts supporting an inference that the decision not to arrest Cravens was based on race. There are no facts showing or even alleging that similarly situated individuals of other groups outside Cravens' class were arrested under the same circumstances, nor are there any facts to support any inference of purposeful discrimination on the part of Officer Ontiveros. Plaintiffs have failed to allege any facts supporting any theory of racial discrimination, bias, or prejudice, or that race had anything to do with Officer Ontiveros's decision not to arrest Cravens. The unsupported allegation merely creates a suspicion that Plaintiffs might have a right of action, and that alone is insufficient to survive a motion to dismiss for failure to state a claim. *See Campbell,* 43 F.23d at 975.

Additionally, the Fifth Circuit has noted that "the Equal Protection Clause should not be used to make an end-run around the *DeShaney* principle that there is no constitutional right to state protection for acts carried out by a private actor." *Beltran,* 367 F.3d at 304. A plaintiff cannot circumvent the rule of *DeShaney* with an unsupported allegation that a police officer exercised his discretion to arrest in one incident but not in another based on race. *See McKee v. City of Rockwall,* 877 F.2d 409, 413 (5th Cir.1989). Yet, this is exactly what Plaintiffs are trying to do. There are no alleged facts supporting the assertion that Officer Ontiveros selectively enforced the drunk driving laws on any impermissible ground. *See Woodard v. Andrus,* 419 F.3d 348, 354 (5th Cir.2005).

As such, Plaintiffs equal protection claim against the City must fail. If there is no constitutional injury at the hands of the police, then the question whether any departmental policies or customs might have

authorized the conduct is moot. See *Los Angeles v. Heller,* 475 U.S. at 799, 106 S.Ct. at 1573. Plaintiffs' equal protection claim against the City is hereby DISMISSED WITH PREJUDICE.

IV. Conclusions

Plaintiffs have failed to allege facts sufficient to support their claims against the City. For the reasons stated above, the City's Motion to Dismiss for Failure to State a Claim is GRANTED. All of Plaintiffs' claims against the City are DISMISSED WITH PREJUDICE. A Final Judgment will be issued contemporaneously with this Order. Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

IT IS SO ORDERED.

S.D.Tex.,2006.
Cravens v. City of La Marque, Tex.
Not Reported in F.Supp.2d, 2006 WL 492805 (S.D.Tex.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.