Braddock J. Huesman
T#00047
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP  96950-8907
Telephone:   (670) 664-2341
Fax:              (670) 664-2349

Attorney for Defendants Department of Public Safety,
Jarrod Manglona, Michael Langdon, and Anthony Macaranas.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AE JA ELLIOT PARK,<br><br>Plaintiff,<br><br>vs.<br><br>JARROD MANGLONA, MICHAEL LANGDON, ANTHONY MACARANAS, DEPARTMENT OF PUBLIC SAFETY and JUAN DOES 1-4, NORBERT DUENAS BABUTA,<br><br>Defendants. | CIVIL ACTION NO. 07-0021<br><br>**DEFENDANTS' MOTION FOR AND MEMORANDUM IN SUPPORT OF ATTORNEYS' FEES**<br><br>Date:     March 6, 2008<br>Time:    9:00 a.m.<br>Judge:   Hon. Alex R. Munson |

LA/576564v1

-i-

## MOTION

Pursuant to 42 U.S.C. § 1988, defendants Jarrod Manglona ("Defendant Manglona"), Michael Langdon ("Defendant Langdon"), Anthony Macaranas ("Defendant Macaranas")(collectively, the "DPS Defendants"), and the Department of Public Safety ("DPS") request that this Court award attorneys' fees and other related nontaxable fees.

## ARGUMENT

### I.     Ms. Park's Due Process Claims, Under Any Standard, Are Without Merit.

A district court may award attorneys' fees pursuant to 42 U.S.C. § 1988 to a prevailing civil rights defendant if the plaintiff's action was "unreasonable, frivolous, meritless, or vexatious."[1] An action becomes frivolous when the result appears obvious or the arguments are wholly without merit.[2] Because of the "law of the case" doctrine, Ms. Park's due process claim is frivolous.

"Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case."[3] For the law of the case doctrine to apply, "the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'"[4] When Ms. Park filed her due process claim substantially unchanged from the ones dismissed by this Court the outcome, as it relates to Ms. Park's due process claims, became certain. DPS Defendants, however, were forced to respond to a claim that had already been decided. Moreover, Ms. Park's claims of liberty and property interests in various criminal statutes or employment regulations suffer from the same defect as her

---

[1]  *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994) (internal quotation marks omitted).

[2]  *See Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *see also Hughes v. Rowe,* 449 U.S. 5, 14-15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam).

[3]  *Richardson v. United States,* 841 F.2d 993, 996 (9th Cir. 1988) (citations omitted).

[4]  *United States v. Lummi Indian Tribe,* 235 F.3d 443, 452 (9th Cir. 2000).

claim to a property interest in the Victims' Bill of Rights: there are no precisely defined means of enforcement.[5] Because of this, DPS Defendants ask this Court to grant attorneys' fees to DPS Defendants in the amount of $2,000.[6]

## CONCLUSION

On November 16, 2007, this Court entered an order dismissing Ms. Park's due process claims. By any definition, Ms. Park's due process claims were and are frivolous. They were frivolous when initially pled, frivolous in light of the holdings in *Town of Castle Rock,*[7] frivolous when Ms. Park was unable to cite a single case to support them, and frivolous when this court dismissed her claims as "misconstruing the law." Finally, and most importantly, Ms. Park's current Due Process claims are, once again, frivolous because they ignore the law of the case and allege a theory previously dismissed by this Court. Instead of attempting a new theory for a due process claim, filing a proper motion for reconsideration,[8] or filing an appeal, Ms. Park has brought a lawsuit redundantly claiming she has a right in the CNMI Victims Bill of Rights. Worse, she, inexplicably, claims a due process right in several police regulations even though she has no personal interest in the regulations. For these reasons, DPS Defendants ask the Court to award attorneys' fees.

---

[5] Order Granting Defendants' Motion to Dismiss; Civil Action No. 07-00021
[6] *See* Declaration of Braddock J. Huesman attached hereto.
[7] *See Town of Castle Rock v. Gonzales,* 545 U.S. 748 (2005).
[8] DPS Defendants note that Ms. Park's improperly filed Motion for Reconsideration and/or Clarification did not question this Court's ruling regarding due process. Instead, the Motion for Reconsideration only questioned the Court's equal protection ruling.

LA/576564v1

Respectfully submitted
Thursday, January 31, 2008
OFFICE OF THE ATTORNEY GENERAL


_____/S/_____
Braddock Huesman, T#00047

CERTIFICATE OF SERVICE

I certify that a copy of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss was served on George Hasselback, who is the attorney in charge for plaintiff, Ms. Park, and whose address is PO Box 501969, Saipan, MP 96950, (670) 234-5684, by electronic filing on Thursday, January 31, 2008.


\_\_/s/_____
**Braddock J. Huesman**

LA/576564v1

-4-