**O'CONNOR BERMAN DOTTS & BANES**
Second Floor, Nauru Building
1 Nauru Loop
Susupe, Saipan, CNMI
Mail: PO Box 50-1969 Saipan MP 96950
Phone: 234-5684
Fax: 234-5683
E-mail: attorneys@saipan.com

Attorneys for Plaintiff

# IN THE DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **AE JA ELLIOT PARK,** | Civ. No. 07-0021 |
| Plaintiff, | OPPOSITION TO MOTION |
| vs. | FOR ATTORNEYS' FEES |
| **JARROD MANGLOÑA, et al.,** | |
| Defendants. | Date: April 10, 2008<br>Time: 8:30 am |

Plaintiff Ae Ja Elliot Park opposes Defendants' Motion For Attorney's Fees on the following grounds:

1. The motion is premature. 42 U.S.C. § 1988 provides only for an award of fees to a "prevailing party." Defendants have not prevailed as to the due process claim in the Second Amended Complaint (the only claim as to which they seek fees), and it is an open question whether they ever will prevail, since their motion to dismiss that claim has not yet even been heard, let alone ruled on.

2. Even if the motion were timely, and even if Defendants' motion to dismiss the due process claim is ultimately granted, fees should still be denied. As Defendants themselves admit, fees are available to a prevailing defendant in a civil rights action only in the event the plaintiff's claim was "unreasonable, frivolous, meritless, or vexatious." See Motion for Attorney' Fees at 2 (quoting Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994)). It was not

unreasonable or frivolous for Plaintiff to reassert her due process claim in her Second Amended Complaint. On the contrary, it was necessary to do so in order to preserve her appellate rights with respect to that claim, because the due process claim in her First Amended Complaint was dismissed *without prejudice*. See Order Granting Defendants' Motion To Dismiss (November 16, 2007) at 8 ("Accordingly, the motion is GRANTED without prejudice as to the first and second causes of action."); id. at 9 ("Accordingly, the motion to dismiss is granted without prejudice."). A dismissal without prejudice is not a final or appealable order. WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) ("We now specifically rule that a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained."). Thus, Plaintiff would not have acted unreasonably or frivolously even if she had reasserted her original due process claim verbatim.

3. In any event, she did not repeat that claim verbatim. On the contrary, she modified it, most significantly by enumerating other laws and regulations of the CNMI, in addition to the Victims' Bill of Rights, which create the liberty and/or property interest of which she was deprived. See generally Second Amended Complaint at ¶ 82. Defendants' "law of the case" argument thus defeats itself. If Plaintiff had merely reiterated the same claim that she had made previously, and that the Court had already ruled on, Defendants would not have needed to spend any attorney time in arguing against it. They could simply have moved to re-dismiss it with a single sentence, along the lines of the following:

> Since Plaintiff's due process claim is the same claim already dismissed by the Court in its previous order, it should be dismissed again, this time *with* prejudice, on the basis of the Court's reasoning in that order.

Defendants correctly recognized, however, that the due process claim in the Second Amended Complaint actually does raise issues that were not raised in the First Amended Complaint or on the motion to dismiss it. See Motion to Dismiss at 12 ("Ms. Park, however, didn't stop at the CNMI

Victims' Bill of Rights."). Accordingly, Defendants' motion to dismiss, insofar as it addresses the due process claim, is principally devoted to arguing against the new issues raised in the Second Amended Complaint. See id. at 12-14. Since these new issues were not raised in the First Amended Complaint, the court has never ruled on them, and they therefore cannot be contrary to the "law of the case."

The motion for fees should therefore be denied in its entirety. Even if it is granted, however, the full amount sought ($2000) should not be awarded. Mr. Huesman ascribes that amount to his work done on the Motion to Dismiss as a whole, but even he claims that only the due process claim is frivolous, not the whole complaint. If any fees are to be awarded at all, therefore, it should be only for the work done with respect to that claim.[1]

Respectfully submitted this 15th day of March, 2008.

                                  O'CONNOR BERMAN DOTTS & BANES
                                  Attorneys for Plaintiff


                                By:_____/s/_____
                                          Joseph E. Horey

*3268-01-080312-PL-M attorney fees-OPP.wpd*

---

[1] Mr. Huesman does not specify how many of his 20 hours relate to the due process issue, but it does not appear to be very many, since the discussion of due process occupies less than four full pages of his 18-page brief (pp. 10-14), and most of that (p. 12-14) relates to the new issues raised in the Second Amended Complaint.