Braddock J. Huesman
T#00047
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP  96950-8907
Telephone:     (670) 664-2341
Fax:               (670) 664-2349

Attorney for Defendants Department of Public Safety,
Jarrod Manglona, Michael Langdon, and Anthony
Macaranas.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AE JA ELLIOT PARK,<br><br>Plaintiff,<br><br>vs.<br><br>JARROD MANGLONA, MICHAEL LANGDON, ANTHONY MACARANAS, DEPARTMENT OF PUBLIC SAFETY and JUAN DOES 1-4, NORBERT DUENAS BABUTA,<br><br>Defendants. | CIVIL ACTION NO. 07-0021<br><br>**DEFENDANTS' MOTION FOR AND MEMORANDUM IN SUPPORT OF ATTORNEYS' FEES**<br><br>Date:     April 10, 2008<br>Time:    8:30 a.m.<br>Judge:   Hon. Alex R. Munson |

LA/576564v1

-i-

# ARGUMENT

## I. Ms. Park's Due Process Claims, Under Any Standard, Are Without Merit.

A district court may award attorneys' fees pursuant to 42 U.S.C. § 1988 to a prevailing civil rights defendant if the plaintiff's action was "unreasonable, frivolous, meritless, or vexatious."[1] An action becomes frivolous when the result appears obvious or the arguments are wholly without merit.[2] Because of the "law of the case" doctrine, Ms. Park's due process claim is frivolous.

"Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case."[3] For the law of the case doctrine to apply, "the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'"[4] When Ms. Park filed her due process claim substantially unchanged from the ones dismissed by this Court the outcome, as it relates to Ms. Park's due process claims, became certain. DPS Defendants, however, were forced to respond to a claim that had already been decided and that was without merit when it was first filed. Moreover, Ms. Park's claims of liberty and property interests in various criminal statutes or employment regulations suffer from the same defect as her claim to a property interest in the Victims' Bill of Rights: there are no precisely defined means of enforcement.[5]

In response to this, Ms. Park's attorneys claim that their filing was "necessary in order to preserve … appellate rights with respect to that claim because the due process claim in her First

---

[1] *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994) (internal quotation marks omitted).

[2] *See Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *see also Hughes v. Rowe,* 449 U.S. 5, 14-15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam).

[3] *Richardson v. United States,* 841 F.2d 993, 996 (9th Cir. 1988) (citations omitted).

[4] *United States v. Lummi Indian Tribe,* 235 F.3d 443, 452 (9th Cir. 2000).

[5] Order Granting Defendants' Motion to Dismiss; Civil Action No. 07-00021

Amended Complaint was dismissed *without prejudice.*"[6] Ms. Park's attorneys further claim that a dismissal without prejudice is not a final or appealable order and, thus, "plaintiff would have acted unreasonably or frivolously even if she had reasserted her original due process claim verbatim."[7]

The parties can agree that this Court's order dismissing Ms. Park's claim was not a final order. Notably, however, Ms. Park's argument answers the question of whether Ms. Park could appeal, not whether she could file a due process claim on the same legal theory as was previously dismissed. These, of course, are different questions.

Courts dismiss causes of action all the time but the party who has their cause of action dismissed is, outside of exceptions not applicable to Ms. Park, not allowed to appeal until there is a final order.[8] In the Ninth Circuit, as in all circuits, an appeal from a final judgment draws into question all earlier nonfinal orders and all rulings which produced the judgment.[9] ***This includes claims dismissed without prejudice.***[10] As Judge Posner explained: "It is not waiver—it is prudence and economy—***for parties not to reassert a position that the trial judge has rejected***. Had the plaintiffs repleaded their Rule 10b-5 charge without alleging loss causation, ***the judge would have dismissed the charge, not only with prejudice but with annoyance***."[11]

The fact that Ms. Park's attorneys failed to note this distinction is indicative of the way they have litigated the entire due process issue in this case. Examples of this include: naming the Department of Public Safety as a "person" for purposes of a 1983 action; claiming Ms. Park's

---

[6] Opposition to Motion for Attorneys' Fees. p. 2 (emphasis in original).
[7] *Id.*
[8] *WMX Tech., Inc., v. Miller,* 104 F. 3d 1133, 1136 (9th Cir. 1997).
[9] *See, e.g. Grand Canyon Trust v. Tucson Elec. Power Co.,* 391 F.3d 979 (9th Cir. 2004); *Lowell v. Chandler,* 303 F.3d 1039 (9th Cir. 2002); and *Bastian v. Petren Resources Corp.,* 892 F.2d 680, 682 -683 (7th Cir. 1990).
[10] *Bastian,* 892 F.2d at 682 -683.
[11] *Id.* (emphasis added).

right to a fair trial was violated;[12] bringing a due process action due to a failure of a police officer to "take action;" and distinguishing U.S. Supreme Court precedent because it is "controversial."

**CONCLUSION**

On November 16, 2007, this Court entered an order dismissing Ms. Park's due process claims. By any definition, Ms. Park's due process claims were and are frivolous. In three substantive pleading she has yet to find one case to support her position and, most importantly, Ms. Park's Due Process claims are frivolous because they ignore the law of the case and allege a theory previously dismissed by this Court. Instead of attempting a new theory for a due process claim, filing a proper motion for reconsideration,[13] or filing an appeal, Ms. Park has brought a lawsuit redundantly claiming she has a right in the CNMI Victims Bill of Rights. Worse, she, inexplicably, claims a due process right in several police regulations even though she has no personal interest in the regulations. For these reasons, DPS Defendants ask the Court to award attorneys' fees.

---

[12] DPS Defendants are curious why Ms. Park didn't try and "preserve error" regarding this Court's ruling on the issue of her "right to trial."

[13] DPS Defendants note that Ms. Park's improperly filed Motion for Reconsideration and/or Clarification did not question this Court's ruling regarding due process. Instead, the Motion for Reconsideration only questioned the Court's equal protection ruling.

LA/576564v1

-4-

Respectfully submitted
March 27, 2008
OFFICE OF THE ATTORNEY GENERAL


_____*/S/*_____
Braddock Huesman, T#00047

CERTIFICATE OF SERVICE

I certify that a copy of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss was served on George Hasselback, who is the attorney in charge for plaintiff, Ms. Park, and whose address is PO Box 501969, Saipan, MP 96950, (670) 234-5684, by electronic filing on Thursday, March 27, 2008.


\_\_/s/_____
**Braddock J. Huesman**

LA/576564v1

-5-