1   **O'CONNOR BERMAN DOTTS & BANES**
    **Second Floor, Nauru Building**
2   **Marianas Busines Plaza**
    **1 Nauru Loop**
3   **Susupe, Saipan, CNMI**
    **Mail: PO Box 50-1969 Saipan MP 96950**
4   **Phone: 234-5684**
    **Fax: 234-5683**
5   **E-mail: attorneys@saipan.com**

6   **Attorneys for Plaintiff**

7                   **IN THE DISTRICT COURT**
              **FOR THE NORTHERN MARIANA ISLANDS**
8
    **AE JA PARK ELLIOT,**                )          **Civ. No. 07-0021**
9                                         )
                    **Plaintiff,**        )
10                                        )          **MOTION TO STRIKE**
                    **vs.**               )
11                                        )
    **JARROD MANGLOÑA, et al.,**          )
12                                        )          **Date: April 10, 2008**
                    **Defendants.**       )          **Time: 8:30 am**
13  _____ )

14

15      Plaintiff Ae Ja Park Elliot hereby moves the Court to strike the third and fourth paragraphs

16  of Section V, and all of Section VI, of Defendants' Reply To Plaintiff's Opposition To the Motion

17  To Dismiss the Second Amended Complaint (filed in this matter March 27, 2008), and not to

18  consider any argument on the issues raised therein, for the reason that these issues (*viz.*, whether the

19  rights asserted by Plaintiff are "clearly established" for purposes of qualified immunity; and whether

20  the "public duty doctrine" bars Plaintiff's local law claims), although mentioned in highly cursory

21  fashion on pages 4 and 17 of Defendant's opening brief in support of its motion, are supported by

22  no argument or authority whatsoever therein, and are instead now argued for the first time in the

23  Reply Brief. *See generally* United States v. Ullah, 976 F.2d 509, 514 (9th Cir. 1992) (court noting

24  that it will not ordinarily consider issues raised in a reply brief that were not "specifically and

25  distinctly argued" in the opening brief).

26

27      Defendants' original argument for qualified immunity was limited to the "threshold

28  question" of whether there had been any violation of a constitutional right in the first place. They

1   argued, quite simply, that there had not been.  See Defendants' Motion to Dismiss and Incorporated

2   Memorandum of Points and Authorities (filed January 31, 2008) at 17.  Only now, in their reply, do

3   Defendants venture any discussion of the second step of the analysis – *i.e.*, whether the right violated

4   was "clearly established."  *See* Reply at 8-9.  Similarly, their original argument for dismissal of the

5   local law claims was that, once the federal claims were dismissed, the local law claims would

6   predominate, and should be decided by the local courts.  *See* Opening Brief at 17-18.  They

7   mentioned the "public duty doctrine" in passing, *see id.* at 17, but never discussed its relevance to

8   this case, or even attempted to define it, until their reply.  *See* Reply at 9-10.  Thus, neither issue was

9   "specifically and distinctly argued" in the opening brief.  Indeed, neither was argued at all.

10

11   Having been raised belatedly, and without opportunity for a response by Plaintiff, these

12   issues should not be considered by the Court, which should instead decide the motion as Defendants

13   initially framed it in their Opening Brief.

14

15   Respectfully submitted this 9th day of April, 2008.

16

17                                                    O'CONNOR BERMAN DOTTS & BANES
                                                      Attorneys for Plaintiff

18

19

20                                                    By:_____/s/_____
                                                              Joseph E. Horey

21

22   *3268-01-080408-PL-motion to strike.wpd*

23

24

25

26

27

28