Braddock J. Huesman
T#00047
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950-8907
Telephone:    (670) 664-2341
Fax:          (670) 664-2349

Attorney for Defendants Department of Public Safety,
Jarrod Manglona, Michael Langdon, and Anthony
Macaranas.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AE JA ELLIOT PARK, | CIVIL ACTION NO. 07-0021 |
| Plaintiff, | |
| vs. | **DEFENDANTS' OPOSITION TO THE MOTION TO STRIKE** |
| JARROD MANGLONA, MICHAEL LANGDON, ANTHONY MACARANAS, DEPARTMENT OF PUBLIC SAFETY and JUAN DOES 1-4, NORBERT DUENAS BABUTA, | |
| Defendants. | |

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendants Jarrod Manglona ("Defendant Manglona"), Michael Langdon ("Defendant Langdon"), Anthony Macaranas ("Defendant Macaranas")(collectively, the "DPS Defendants"), and the Department of Public Safety ("DPS") submit this Opposition to Plaintiff's Motion to Strike.

LA/576564v1

-i-

**ARGUMENT**

From the beginning of Ms. Park's suit, qualified immunity has been a cornerstone of the DPS Defendants' arguments for dismissal. In an attempt to avoid the merits of this argument, Ms. Park has asked this court to strike portions of it instead. Such an act would be prejudicial.

DPS Defendants have filed no less then four pleadings with this court and all have dealt with DPS Defendants' right to qualified immunity. In response to the DPS Defendants' most recent dismissal motion regarding qualified immunity, Ms. Park's attorneys offered a footnote in opposition.[1] DPS Defendants vigorously responded to this footnote and now Ms. Park complains. The idea, however, that the DPS Defendants cannot vigorously pursue all avenues of defense available to them—especially ***when Ms. Park was on notice and attempted to rebut them***—is unpersuasive.

In Ms. Park's opposition, she attempted to overcome qualified immunity by dropping a footnote and stating: "[t]he court, moreover, described the law in this area as "clearly established," so as to defeat a claim of qualified immunity."[2] Putting aside that this was all she offered in response, this argument demands a reply. Ms. Park, however, claims that: "[o]nly now, in their reply, do Defendants venture any discussion of the second step of the analysis – *i.e.*, whether the right violated was 'clearly established.'" Had Ms. Park not attacked DPS Defendants' claim to qualified immunity on the grounds that the law was clearly established, DPS Defendants would not have needed to reply. In any event, however, Ms. Park was on notice that DPS Defendants claimed qualified immunity and that part of determining qualified immunity involved a determination of whether the plaintiff's

---

[1] *See* OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT, p.6, n.4.
[2] *Id.*

rights were "clearly established."[3] Ms. Park cannot argue that her rights were "clearly established" and then complain that DPS Defendants have the temerity to address the argument. This is common sense that finds support in federal case law.

Ms. Park cites *United States v. Ullah,*[4] for the proposition that courts will not ordinarily consider issues raised in a reply brief that were not "specifically and distinctly argued" in the opening brief. Putting aside that fact that the *Ullah* court is an appellate court applying appellate rules,[5] Ms. Park's attorney's argument misses the mark in a fundamental way. "Specifically and distinctly" means raised in the opening brief. Not, as Ms. Park believes, "explained to her satisfaction."

*Ullah* stands for the proposition that the litigant *must raise the issue in the opening brief.*[6] When this Court examines the cases that the *Ullah* court cites, this becomes apparent.[7] In other words, the courts in *Ullah* and *Fairchild Industries* did not strike an argument because the appellant failed to analyze a claim thoroughly enough in the opening brief of an appeal, instead, they struck arguments that were not raised ***at all.*** An examination of how district courts treat this matter is more precise and instructive but leads to the same conclusion.

For example in *Cohen v. Benov*[8] the court stated that "new claims for relief cannot be raised in a reply brief." Moreover, the Ninth Circuit is not alone in this holding. Several

---

[3] MOTION TO DISMISS SECOND AMENDED COMPLAINT, P. 17 *citing Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991).

[4] 976 F.2d 509 (9th Cir. 1992).

[5] *Id.,* at 514 *citing* Fed.R.App.P. 2.

[6] *Id.,* ("Ullah, unlike Gosho-Kim, did not raise the issue of the validity of the nonunanimous jury verdict in his opening brief: he raised it only in his reply brief.")

[7] *Miller v. Fairchild Industries, Inc.,* 797 F.2d 727, 738 (9th Cir. 1986)("The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief").

[8] 374 F.Supp2d 850 (C.D. Cal., 2005).

courts have issued rulings that new claims cannot be raised for the first time in a reply brief.[9] DPS Defendants agree with this proposition. The idea, however, that qualified immunity is a "new claim for relief" and was brought up only in the latest reply brief is disingenuous. Again, DPS Defendants have filed four pleadings with this Court. Each contained an argument regarding qualified immunity. Moreover, Ms. Park's attempt to refute qualified immunity in her brief all but guaranteed DPS Defendants' response.

As to the public duty doctrine, DPS Defendants concede that Ms. Park did not attempt to address the issue in her opposition. DPS Defendants maintain, however, that putting Ms. Park on notice in the opening brief made the argument fair in the reply. There was no prejudice.

## CONCLUSION

Ms. Park has not cited this court to any case that interprets the phrase "specifically and distinctly" as she would have this court do. In fact, the cases she cites clearly indicate that courts do not want brand new issues raised in a reply; not that they must be fully briefed in the original motion. Moreover, Ms. Park's argument against qualified immunity was vague, misleading and forced DPS Defendants to flesh out its argument in a more concise manner. For these reasons, Ms. Park's motion to strike should be denied.

## PRAYER

WHEREFORE, based upon the foregoing, this honorable Court should deny, in whole or in part, Plaintiff's Motion to Strike.

---

[9] *See, Fisher v. Ciba Specialty Chem.* Corp., 238 F.R.D. 273, 316 n. 89 (S.D.Ala.2006) (holding that new argument in reply brief was barred; by making the argument "for the first time in their reply brief just two business days before the Hearing, plaintiffs ensured that opposing counsel would not have a fair opportunity to study or respond to this newly raised issue, which could have been presented in their principal brief"); s*ee also, Thurston v. Page*, 931 F.Supp. 765, 768 (D.Kan.1996) (holding that the court will not consider new arguments in a party's reply brief).

Respectfully submitted
Wednesday, April 09, 2008
OFFICE OF THE ATTORNEY GENERAL

_____/S/_____
Braddock Huesman, T#00047

CERTIFICATE OF SERVICE

I certify that a copy of Defendants' Reply to the Opposition to the Motion to Dismiss was served on George Hasselback, who is the attorney in charge for plaintiff, Ms. Park, and whose address is PO Box 501969, Saipan, MP 96950, (670) 234-5684, by electronic filing on April 9, 2008.

__/s/_____
**Braddock J. Huesman**

LA/576564v1

-4-